HELTON *v.* TEHAN, SHERIFF.

[Cite as Helton v. Tehan, 15 Ohio Misc. 367.]

(No. A-232150—Decided May 27, 1968.)

Common Pleas Court of Hamilton County.

*Mr. James V. Heath,* for petitioner.
*Mr. Melvin G. Rueger,* prosecuting attorney, and *Mr. Calvin W. Prem,* for respondent.

KEEFE, J. This is a habeas corpus action. It follows the issuance of an executive warrant by the Governor of Ohio for the arrest of petitioner pursuant to a request from the Governor of South Dakota for the extradition of petitioner to that state for the purpose of answering a felony charge.

After the Ohio Governor issued his executive warrant, the alleged fugitive (petitioner herein) came before me in accordance with Section 2963.09, Revised Code, entitled "Mandatory Hearing," which provides in part:

"No person arrested upon a warrant under Section 2963.07, Revised Code, shall be delivered to the agent whom the executive authority demanding him appointed to receive him unless such person is first taken forthwith before a judge of a court of record in this state, who shall inform him of the demand made for his surrender and of the crime with which he is charged, and that he has the right to demand and procure legal counsel. If the prisoner or his counsel desires to test the legality of his arrest, the judge shall fix a reasonable time to be allowed him within

which to apply for a writ of habeas corpus. When such writ is applied for, notice thereof and of the time and place of hearing thereon, shall be given to the prosecuting officer of the county in which the arrest is made and in which the accused is in custody, and to the said agent of the demanding state.''

Throughout this opinion I am referring to the alleged fugitive as petitioner, which is his role in this proceeding.

When petitioner appeared at the hearing following issuance of the executive warrant, he was informed of the demand made for his return to South Dakota, advised of the crime with which he was there charged and ''that he has the right to demand and procure legal counsel.'' Petitioner stated that he wanted to exhaust every legal right he had. He represented that he was indigent and he wanted a lawyer.

This presented the question of whether an alleged fugitive, who is indigent, and who is wanted in another state on a felony charge, is constitutionally entitled to counsel at an extradition hearing such as is provided for by Section 2963.09, Revised Code.

The Supreme Court of the United States in *Gideon* v. *Wainwright*, 372 U. S. 335, held that an indigent defendant in a criminal trial has the fundamental right to have the assistance of counsel if he wants it. *Gideon* of course applies to a criminal trial and not to an extradition hearing.

This language is from the *Gideon* opinion:

''From the very beginning, our state and national constitutions and laws have laid great emphasis on procedural and substantive safeguards designed to assure fair trials before impartial tribunals in which every defendant stands equal before the law. This noble ideal cannot be realized if the poor man charged with crime has to face his accusers without a lawyer to assist him. A defendant's need for a lawyer is nowhere better stated than in the moving words of Mr. Justice Sutherland in *Powell* v. *Alabama*:

'' 'The right to be heard would be, in many cases, of little avail if it did not comprehend the right to be heard

by counsel. Even the intelligent and educated layman has small and sometimes no skill in the science of law. If charged with crime, he is incapable, generally, of determining for himself whether the indictment is good or bad. He is unfamiliar with the rules of evidence. Left without the aid of counsel he may be put on trial without a proper charge and convicted upon incompetent evidence, or evidence irrelevant to the issue or otherwise inadmissible. He lacks both the skill and knowledge adequately to prepare his defense, even though he have a perfect one. He requires the guiding hand of counsel at every step in the proceedings against him. Without it, though he be not guilty, he faces the danger of conviction because he does not know how to establish his innocence.' 287 U. S., at 68-69.''

The Supreme Court has also decided that indigent probationers are entitled to counsel in hearings to determine whether their probation should be revoked. This was a unanimous opinion on November 13, 1967, in *Mempa* v. *Rhay*, 19 L. Ed. 2d 336.

Admittedly *Gideon* does not mandate the appointment of counsel to an indigent at an extradition hearing. Nevertheless, the spirit of *Gideon* seems manifestly to indicate that the Supreme Court would hold that petitioner herein is entitled to ''the guiding hand of counsel at every step in the proceedings against him.'' (Quotation from *Gideon,* page 345.)

Consequently, it is my determination that petitioner, an indigent, has the right to appointed counsel.

The fact that the scope of the judicial inquiry authorized by Section 2963.09, Revised Code, is extremely limited does not vitiate the reasons establishing a right to appointed counsel. Extradition of an alleged fugitive perhaps from his permanent domicile can in a very real way affect his substantial rights.

With the benefit of counsel, petitioner herein proceeded to urge upon us the justification for the issuance of a writ of habeas corpus. Petitioner and his counsel have not been able to prove facts showing his detention to be unlawful and issuance of the writ is not authorized.

*Writ denied.*