Chief Judge Fuld (dissenting).
In my view, since the defendant’s inculpatory statements — taken from him by the police without advising him of his right to an attorney — should not have been received in evidence against him, his conviction should be reversed.
The defendant was questioned by the police about the robbery, for which he stands convicted, after the detective in charge of investigating the crime had requested the parole authorities to obtain a warrant for his arrest. It is indisputable, in light *544 of our decision in People v. Bodie (16 N Y 2d 275, 278-279), that, had the police officer obtained the warrant himself, based upon an information charging the defendant with the robbery, the statements could not properly have been used against him since he had not knowingly waived his right to counsel. This conclusion follows from the fact that the filing of such an information constitutes the commencement of a judicial proceeding. (See, e.g., People v. Waterman, 9 N Y 2d 561; People v. Meyer, 11 N Y 2d 162; People v. Bodie, 16 N Y 2d 275, 279, supra.) The defendant should not be denied his constitutional right to a lawyer simply because the arrest warrant was, in this case, obtained through the parole authorities.
In applying the principle that the right to counsel attaches when criminal proceedings have commenced, this court has consistently looked to the realities of the situation and has refused to permit law enforcement authorities to avoid their obligations by the use of “ sham ” or “ pretext.” (See People v. Robinson, 13 N Y 2d 296, 301; People v. Davis, 13 N Y 2d 690; cf. People v. Jackson and Bruton, 22 N Y 2d 446, 451-452.) Although, in this particular case, we have no way of knowing the reason why the defendant’s arrest was sought as a parole violator rather than for the commission of the crime itself, it is manifest that the decision now being rendered would make it a simple matter to avoid according a defendant (who happens to be a parolee) his rights. The court should be vigilant to avoid such a result.
The situation here presented is quite different from that in People v. Stanley (15 N Y 2d 30), relied upon by the majority. In that case, an entirely separate and independent proceeding —^and for a different offense — had been instituted against the defendant by Federal authorities on their own initiative. In the case before us, in sharp contrast, it was the very same officer — the detective in charge of the police investigation—who provided the information upon which the warrant was based and who, after the defendant had been taken into custody under that warrant, actually questioned him. Thus, the arrest warrant, while ostensibly issued for an unrelated purpose, appears as ‘ ‘ the first stage of [the] criminal proceeding ’ ’ (People v. Meyer, 11 N Y 2d 162, 164, supra) which eventually resulted in the present conviction.
*545 I am inclined to the view that a parolee is also entitled to b.e represented by counsel in a parole revocation proceeding which is truly independent of, and unrelated to, a criminal prosecution brought against the parolee. (Cf. Mempa v. Rhay, 389 U. S. 128.) That question, however, need Uot hete be considered or passed upon. In the present case, it was the police, engaged in gathering evidence for use against the defendant in a prosecution for robbery, who sought the parole violation warrant as a means of apprehending and questioning him. Under such circumstances, statements obtained from a defendant without advising him of his right to counsel ought not be available for use against him at his trial for the crime itself.
The judgment appealed from should be reversed and a new trial ordered.
Judges Bergen, Breitel and Jasen concur with Judge Scileppi ; Judge Keating concurs in a separate opinion; Chief Judge Fuld dissents and votes to reverse in an opinion in which Judge Burke concurs.
Judgment affirmed.