OESTRICH, Plaintiff in error, v. STATE, Defendant in error.

*No. State 189. Argued May 3, 1972.—Decided June 30, 1972.*
(Also reported in 198 N. W. 2d 664.)

For the plaintiff in error there were briefs by *David G. Walsh* and *Walsh & Walsh,* all of Madison, and oral argument by *David G. Walsh.*

For the defendant in error the cause was argued by *Robert D. Martinson,* assistant attorney general, with

whom on the brief was *Robert W. Warren,* attorney general.

HANLEY, J.   The sole issue presented on this appeal is whether the defendant is entitled to representation by counsel at a probation revocation hearing in a deferred sentencing situation.

In *State ex rel. Johnson v. Cady* (1971), 50 Wis. 2d 540, 185 N. W. 2d 306, this court determined that, although a person placed on probation or parole after sentencing was entitled to a hearing before his parole or probation was revoked, he was not guaranteed the right to counsel at such hearing. However, the question of the right to a probation revocation hearing and to counsel at such hearing in a situation where a defendant has been convicted but sentence has been withheld was left undecided. The attorney general concedes that counsel is required at sentencing under the holding in *Mempa v. Rhay* (1967), 389 U. S. 128, 88 Sup. Ct. 254, 19 L. Ed. 2d 336, but contends that *Mempa* dealt only with counsel at sentencing and does not require the presence of counsel at a probation revocation hearing, even in a deferred sentencing situation. Defendant asserts that the revocation of probation is an integral part of the sentencing process in cases in which the trial court originally withheld sentence and that counsel should therefore be present at the probation revocation hearing.

We think the issue presented herein was disposed of by this court's opinion in *State ex rel. Bernal v. Hershman* (1972), 54 Wis. 2d 626, 196 N. W. 2d 721, which was handed down on May 4, 1972, the day after oral argument in this case. In *Bernal,* it was noted that the United States Court of Appeals for the Seventh Circuit had decided *Gunsolus v. Gagnon* (1971), 454 Fed. 2d

416, shortly after this court handed down its decision in *Johnson*. *Gunsolus* requires that counsel be allowed to participate in probation revocation hearings without regard to whether the hearing occurs in a sentence withheld or a postsentence situation. This court adopted the *Gunsolus* ruling and held that, as a matter of constitutional right, a defendant is entitled to the assistance of counsel at parole or probation revocation hearings or at other proceedings which might affect the liberty of a person under the supervision of the department of health & social services.

We conclude the case must be remanded for a probation revocation hearing, at which time defendant is entitled to be represented by counsel.

*By the Court.*—Order reversed and cause remanded.

CONNOR T. HANSEN, J. *(dissenting)*. I respectfully dissent from the decision reached by the majority of this court.

In the instant case the defendant was convicted of a felony, sentence was withheld, and he was placed on probation. His probation was subsequently revoked and he was returned to court for sentencing, at which time the trial court appointed counsel to represent him.

In *Mempa v. Rhay* (1967), 389 U. S. 128, 130, 88 Sup. Ct. 254, 19 L. Ed. 2d 336, Mr. Justice MARSHALL, writing for a unanimous court, commences the opinion with the following:

"These consolidated cases raise the question of the extent of the right to counsel at the time of sentencing where the sentencing has been deferred subject to probation."

The opinion holds that an accused is entitled to counsel in such a situation.

In my opinion, in the case before us, the trial court precisely followed the mandate of *Mempa*. The majority of this court and some other state and federal courts [1] have chosen to extend, or interpret *Mempa* to encompass situations which were not the subject of that decision. This writer knows of no United States Supreme Court decision or Wisconsin statute which dictates the extension of the holding in *Mempa* to include the factual situation presented in this case, and no such authority is cited by the majority. I conclude that the result reached by the majority is neither necessary nor desirable from any standpoint. As required by *Mempa,* the defendant was here represented by counsel at the time of sentencing. I think it is reasonable to assume counsel knew his client was before the court for an alleged probation violation and that the proceeding concerned the sentencing of defendant for a crime for which he had been previously convicted and placed on probation. It seems incredible to me to believe that if the H&SS Department acted arbitrarily or capriciously in the revocation of defendant's probation, such facts would not come to the court's attention during the sentencing process.

If I understand the import of the majority opinion correctly, it now extends the postsentencing probation and parole requirements of *State ex rel. Johnson v. Cady* (1971), 50 Wis. 2d 540, 185 N. W. 2d 306, to presentencing probation revocation. Furthermore, the majority now finds that, as a matter of constitutional right, the defendant is entitled to assistance of counsel

---

[1] *See: Gunsolus v. Gagnon* (7th Cir. 1971), 454 Fed. 2d 416; *State ex rel. Bernal v. Hershman* (1972), 54 Wis. 2d 626, 196 N. W. 2d 721; *Morrissey v. Brewer* (8th Cir. 1971), 443 Fed. 2d 942; *Hahn v. Burke* (7th Cir. 1970), 430 Fed. 2d 100; and cases cited therein. *See also* the citation of authority in *State ex rel. Johnson v. Cady, infra,* 554, 555.

at parole and probation revocation hearings, whether such probation revocation hearings involve presentence or postsentence situations.[2] The result is to add an entirely new "layer" of administrative and judicial proceedings to criminal procedure. The new "layer" of administrative and judicial proceedings between the time of conviction and the time of sentencing is as follows: The defendant is now entitled to an administrative hearing, with counsel, on the revocation of his probation. If he is dissatisfied with the results of the revocation hearing, he can petition the trial court for certiorari. The defendant can then appeal to this court from the order denying his petition for certiorari. All this between the time of his conviction and the time of his sentencing. I cannot believe that the mandate of *Mempa v. Rhay, supra,* ever contemplated such a result.

The situation here presented is decidedly different than those situations considered in *Johnson, supra,* where the defendant was to be placed in a penal institution after sentence for probation or parole violation without any kind of a hearing. In the instant case, under established procedure in this state, he cannot be placed in a penal institution until he has been before a court for sentencing, at which time he is entitled to be represented by counsel.

In conclusion, and with respect to the majority opinion and those courts which deem it necessary or desirable, whatever the case may be, this writer is not inclined to extend or implement the holding in *Mempa, supra,* I would leave any such extension or implementation to the

---

[2] Because I have reached the conclusion that the defendant is not entitled to a presentence revocation hearing, it follows that the issue of right to counsel is not presented. As to the right to counsel in postsentencing probation and parole revocation hearings, I see no necessity to reach out for this issue in this case.

United States Supreme Court.[3] Also, it seems to me that those who seek to expand *Mempa* do so, not so much as a result of that decision or any dicta contained therein, but principally on the reasoning of *Goldberg v. Kelly* (1970), 397 U. S. 254, 90 Sup. Ct. 1011, 25 L. Ed. 2d 287. *Goldberg* concerned the termination of a person's statutory rights to welfare assistance without any hearing of any nature whatsoever. I see no analogy to the instant factual situation.

In the case before us, the effect of the revocation of probation is to return the defendant to court where counsel can and will be appointed for him, if he so desires, and the court will then proceed with sentencing. The exercise of proper judicial discretion at the time of sentencing will of necessity require the trial judge to consider not only the facts surrounding the initial conviction, but all circumstances that have developed and occurred since conviction, including the cause for, and propriety of, the revocation of probation. Also, it is the duty of counsel at the time of sentencing to put before the court all mitigating circumstances; and this would have to include inquiry into the facts that resulted in revocation of probation.

It is my judgment that the actions of the trial judge were in accordance with the determination made in *Mempa v. Rhay, supra,* and I would, therefore, affirm.

I am authorized to state that Mr. Justice ROBERT W. HANSEN joins in this dissent.

---

[3] It is my understanding that *Morrissey v. Brewer, supra,* is on appeal to the United States Supreme Court and arguments thereon were heard on April 12, 1972.