STATE EX REL. HAWKINS, Petitioner, v. GAGNON, Warden, Fox Lake Correctional Institution, Respondent.

*No. State 33 (August Term, 1974). Argued June 5, 1974.—Decided June 28, 1974.*

(Also reported in 219 N. W. 2d 252.)

398

For the petitioner there were briefs by *Howard B. Eisenberg*, state public defender, and *Kenneth P. Casey*, assistant state public defender, and oral argument by *Mr. Casey*.

For the respondent the cause was argued by *Charles R. Larsen*, assistant attorney general, with whom on the brief was *Robert W. Warren*, attorney general.

HANLEY, J. The petitioner herein contends that his waiver of his right to a final administrative revocation hearing was not voluntarily, knowingly and understandingly made on several grounds. Since, he contends, he was not provided with counsel during his preliminary hearing, was not properly advised of the maximum term of imprisonment which could result upon revocation, was coerced into waiving his right to a final hearing and was

not advised that the "dead time" which would accrue prior to the final hearing could be taken into consideration by the sentencing judge, that he did not properly waive his right to a final hearing. Such contentions are without merit.

*Right to counsel.*

In his petition for a writ of habeas corpus, the petitioner relies upon the fact that he was not provided counsel during his preliminary probation revocation hearing as supporting his contention that his waiver was not voluntarily, knowingly and understandingly made.

The petitioner relies on *Mempa v. Rhay* (1967), 389 U. S. 128, 88 Sup. Ct. 254, 19 L. Ed. 2d 336, as standing for the proposition that counsel must be provided for those individuals whose sentences were deferred (withheld) [1] during both the preliminary and final administrative probation revocation hearings. While *Mempa* did require the appointment of counsel for sentencing proceedings, this court has held that the application of *Mempa* must be limited strictly to its facts. *State ex rel. Johnson v. Cady* (1971), 50 Wis. 2d 540, 185 N. W. 2d 306.

*Mempa* involved a situation similar to that of the petitioner herein. In *Mempa* the defendant was convicted and placed on probation for two years on the condition, *inter alia,* that the first thirty days be spent in jail. The imposition of sentence was then deferred under Washington law. This provision is similar to sec. 973.09 (1), Stats. Shortly thereafter Mempa was detained and the

---

[1] Sec. 973.09 (1), Stats., provides that:

"When a person is convicted of a crime, the court may, by order, withhold sentence . . . and . . . place him on probation to the department for a stated period, stating in the order the reasons therefor, and may impose any conditions which appear to be reasonable and appropriate."

court revoked the defendant's probation and sentenced him to ten years' imprisonment.[2]

On appeal the court reasoned that since counsel is required at every stage of a criminal proceeding where a substantial right of the accused may be affected, and since sentencing is such a stage at which the sixth amendment right to counsel applies, that the accused had a constitutional right to the presence of counsel during the deferred sentencing proceeding.

". . . All we decide here is that a lawyer must be afforded at this proceeding whether it be labeled a revocation of probation or a deferred sentencing." *Id.* at page 137.

Since the Washington probation revocation or deferred sentencing proceeding was singular—that is, the sentencing court both revoked probation and imposed sentence—and not bifurcated as it is in Wisconsin,[3] it was unavoidable that counsel appointed therein would function in both proceedings—the revocation and sentencing. Such, however, was not the holding of the court.

The fact the appointment of counsel was constitutionally limited to the sentencing proceedings and did not extend to the hearing for the revocation of probation or parole was made clear in *Morrissey v. Brewer, supra.* While *Morrissey* intentionally refused to determine whether the assistance of retained counsel was constitutionally required, the inferences arising from its holding that parole (or probation) revocation proceedings are not part of criminal proceedings is inescapable.

---

[2] *Mempa* predated *Morrissey v. Brewer* (1972), 408 U. S. 471, 92 Sup. Ct. 2593, 33 L. Ed. 2d 484, by five years. Thus the *Morrissey* requirement of a preliminary revocation hearing was not applicable therein.

[3] In Wisconsin the administrative revocation hearing takes place in front of a hearing examiner of the department of health and social services. If probation is revoked, sentencing is imposed by the court. Sec. 973.10 (2), Stats.

"We begin with the proposition that the revocation of parole is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply to parole revocations. . . ." *Id.* at page 480.

Counsel need be provided only in those situations where the effectiveness of the defendant's due process rights necessitates the appointment of counsel therein. Since the administrative revocation proceedings are not a part of criminal proceedings and thus without sixth amendment protection, counsel may be constitutionally required only under the due process clause when necessary to protect his rights to a hearing.

The court in *Morrissey* went on to delineate the due process requirements at administrative revocation proceedings. While such requirements need not be reproduced in full herein, such rights did include the right to a preliminary administrative revocation hearing.

". . . [D]ue process would seem to require that some minimal inquiry be conducted at or reasonably near the place of the alleged parole violation or arrest and as promptly as convenient after arrest while information is fresh and sources are available. [Citations omitted.] Such an inquiry should be seen as in the nature of a 'preliminary hearing' to determine whether there is probable cause or reasonable ground to believe that the arrested parolee has committed acts that would constitute a violation of parole conditions." *Id.* at page 485.

Finally in *Gagnon v. Scarpelli* (1973), 411 U. S. 778, 93 Sup. Ct. 1756, 36 L. Ed. 2d 656, the supreme court brought into focus the rights of a defendant to counsel at administrative revocation hearings. Therein it was determined that the right to the appointment of counsel *could* arise at both the preliminary and final hearings. Such a right to counsel was, however, subject to the discretion of the department:

"The facts and circumstances in preliminary and final hearings are susceptible of almost infinite variation, and a considerable discretion must be allowed the responsible agency in making the decision." *Id.* at page 790.

and applicable in specific situations.

"It is neither possible nor prudent to attempt to formulate a precise and detailed set of guidelines to be followed in determining when the providing of counsel is necessary to meet the applicable due process requirements. The facts and circumstances in preliminary and final hearings are susceptible of almost infinite variation, and a considerable discretion must be allowed the responsible agency in making the decision. Presumptively, it may be said that counsel should be provided in cases where, after being informed of his right to request counsel, the probationer or parolee makes such a request, based on a timely and colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present. In passing on a request for the appointment of counsel, the responsible agency also should consider, especially in doubtful cases, whether the probationer appears to be capable of speaking effectively for himself. In every case in which a request for counsel at a preliminary or final hearing is refused, the grounds for refusal should be stated succinctly in the record." *Id.* at page 790.

In *State ex rel. Cresci v. H&SS Department* (1974), 62 Wis. 2d 400, 215 N. W. 2d 361, this court, in conformity with the mandate of *Scarpelli,* held that the appointment of counsel at administrative revocation proceedings would be made on a case-by-case basis. Such holding was, however, prospective only in application.

"Henceforth, the right to counsel at probation and parole revocation hearings will be determined on a case-by-case basis consistent with the mandate of *Scarpelli.*" *Id.* at page 413.

Prior to *Cresci* this court had held, relying on *Gunsolus v. Gagnon* (7th Cir. 1971), 454 Fed. 2d 416, that an adult probationer was entitled to counsel at the final administrative probation revocation hearing. *Oestrich v. State* (1972), 55 Wis. 2d 222, 198 N. W. 2d 664. The holding of *Oestrich,* however, did not apply to preliminary probation revocation hearings, it having been decided prior to the supreme court's decision in *Morrissey.* Thus, it is clear that prior to *Cresci* this court had not extended the right to the presence of counsel to such a preliminary hearing.

Assuming *arguendo* that *Scarpelli* is applicable in the instant case, no contrary result is necessary. The petitioner's defense and/or statements in mitigation were not so difficult so as to require the appointment of counsel to represent him therein. Additionally the record indicates no allegation on the part of the petitioner that he requested counsel and in fact the petitioner did confer prior to the hearing with counsel appointed for him to seek his advice. Thus, it is the opinion of this court that the failure to appoint counsel to represent the accused at his preliminary revocation hearing did not violate his rights to due process of law.

*Remaining contentions.*

The petitioner's contention that his waiver was not knowingly and understandingly made because he was not advised of the maximum term which could be imposed by the sentencing judge upon revocation of his probation in such a deferred sentencing proceeding is likewise without merit. While, assuming *arguendo,* the petitioner's knowledge of the range of punishments which may be imposed by the sentencing court may be material in his determination of whether or not to waive the revocation hearing, the petitioner has no argument herein.[4] The

---

[4] The waiver of the final administrative revocation hearing is not, unlike a defendant's plea of guilty, part of the criminal

petitioner was advised, though incorrectly, that he would face a term of imprisonment of three years upon revocation—the actual range being ten years. Since, however, the petitioner was sentenced only to three years, the error, if any, is harmless.

The petitioner likewise was not, as he contended, coerced by agent Drummond to waive his right to the hearing. The referee found, and such a finding is supported by the evidence, that "the waiver of the full administrative hearing in revocation proceedings was voluntarily made." The record indicates that agent Drummond in fact did all in his power to encourage the petitioner to exercise his rights to a final hearing.

"I recommended to go with preliminary and proceed all the way through because of the opportunities available for abuse of discretion anywhere along the line, for misstatements of evidence, those kind of things, just the opportunities—that is his right and I believe in this. I don't believe in waivers."

Thus, it cannot be contended that the petitioner's waiver was not voluntary.

Finally the petitioner contends and the referee agreed that prior to his waiver of his right to a final administrative hearing that he was under a misapprehension of the fact that in a deferred sentencing proceeding the sentencing court may take into consideration the "dead time" accrued prior to the sentencing proceeding. The petitioner was, however, also not advised that the sentencing court had the absolute discretion not to take such "dead time" into consideration and in fact to sentence the defendant to the maximum term imposed by law. The agent of the department and the hearing examiner were in no fashion responsible for such a misapprehension on the part of the petitioner. While it should be encouraged

process. Thus the requirements of the court imposed therein—*see Ernst v. State* (1969), 43 Wis. 2d 661, 170 N. W. 2d 713—are not applicable herein.

that such facts are made known to the accused in such a situation, it is our opinion that such information is not material to an accused's waiver of his right to a final administrative probation revocation hearing in a deferred sentencing proceeding.[5] The petitioner was advised, as is evidenced by the signed waiver agreement, of his right to a hearing, to present evidence both in defense and mitigation, to confront witnesses and testify in his own behalf and to the presence of an attorney. The petitioner was likewise advised that waiver of the hearing may result in revocation. Such is sufficient to support the conclusion that the petitioner's waiver was knowingly and intelligently entered into.

*By the Court.*—Relief denied.

WILKIE, J. *(concurring).* I would hold that Hawkins had a state constitutional right to legal counsel at the probation revocation hearing. This is the position taken by Mr. Chief Justice HALLOWS in his dissenting opinion in *State ex rel. Cresci v. H&SS Department,*[1] with which opinion I joined. However, in the instant case there was a waiver of the right to counsel by Hawkins, and I would, therefore, concur in the result reached.

[5] *See Kruse v. State* (1970), 47 Wis. 2d 460, 472, 177 N. W. 2d 322 (ROBERT W. HANSEN, J., concurring) wherein it was concluded that the defendant's knowledge of parole eligibility dates was a collateral and peripheral factor in determining the voluntariness of a plea of guilty.

[1] (1974), 62 Wis. 2d 400, 415, 215 N. W. 2d 361.