MEMPA *v.* RHAY, PENITENTIARY
SUPERINTENDENT.

No. 16.   Argued October 11–12, 1967.—Decided November 13, 1967.*

---

*Together with No. 22, *Walkling* v. *Washington State Board of Prison Terms and Paroles,* also on certiorari to the same court.

*Evan L. Schwab,* by appointment of the Court, 386 U. S. 953, argued the cause and filed a brief for petitioners in both cases.

*Stephen C. Way,* Assistant Attorney General of Washington, argued the cause for respondents in both cases. With him on the brief was *John J. O'Connell,* Attorney General; joined by *MacDonald Gallion* of Alabama,

*Arthur K. Bolton* of Georgia, *Allan G. Shepard* of Idaho, *James S. Erwin* of Maine, and *Helgi Johanneson* of North Dakota, Attorneys General for their respective States, and by *Robert Y. Button,* Attorney General of Virginia, and *Reno S. Harp III,* Assistant Attorney General, as *amici curiae.*

*Patrick J. Hughes, Jr.,* filed a brief for the National Legal Aid and Defender Association, as *amicus curiae,* urging reversal. *Earl Faircloth,* Attorney General of Florida, and *Wallace E. Allbritton,* Assistant Attorney General, filed a brief for the State of Florida, as *amicus curiae,* joined and supported by *Allan G. Shepard,* Attorney General of Idaho.

MR. JUSTICE MARSHALL delivered the opinion of the Court.

These consolidated cases raise the question of the extent of the right to counsel at the time of sentencing where the sentencing has been deferred subject to probation.

Petitioner Jerry Douglas Mempa was convicted in the Spokane County Superior Court on June 17, 1959, of the offense of "joyriding," Wash. Rev. Code § 9.54.020. This conviction was based on his plea of guilty entered with the advice of court-appointed counsel. He was then placed on probation for two years on the condition, *inter alia,* that he first spend 30 days in the county jail, and the imposition of sentence was deferred pursuant to Wash. Rev. Code §§ 9.95.200, 9.95.210.[1]

About four months later the Spokane County prosecuting attorney moved to have petitioner's probation

---

[1] The State suggests that the Supreme Court of Washington was in error in stating that Mempa received a deferred rather than a suspended sentence, but we accept that court's characterization of the sentence as supported by the record.

revoked on the ground that he had been involved in a burglary on September 15, 1959. A hearing was held in the Spokane County Superior Court on October 23, 1959. Petitioner Mempa, who was 17 years old at the time, was accompanied to the hearing by his stepfather. He was not represented by counsel and was not asked whether he wished to have counsel appointed for him. Nor was any inquiry made concerning the appointed counsel who had previously represented him.

At the hearing Mempa was asked if it was true that he had been involved in the alleged burglary and he answered in the affirmative. A probation officer testified without cross-examination that according to his information petitioner had been involved in the burglary and had previously denied participation in it. Without asking petitioner if he had anything to say or any evidence to supply, the court immediately entered an order revoking petitioner's probation and then sentenced him to 10 years in the penitentiary, but stated that it would recommend to the parole board that Mempa be required to serve only a year.[2]

In 1965 Mempa filed a *pro se* petition for a writ of habeas corpus with the Washington Supreme Court, claiming that he had been deprived of his right to counsel at the proceeding at which his probation was revoked and sentence imposed. The Washington Supreme Court denied the petition on June 23, 1966, by a vote of six

---

[2] Under Washington procedure the trial judge is required by statute to impose the maximum sentence provided by law for the offense, Wash. Rev. Code § 9.95.010, but is also required, along with the prosecuting attorney, to make a recommendation to the parole board of the time that the defendant should serve accompanied by a statement of the facts concerning the crime and any other information about the defendant deemed relevant. Wash. Rev. Code § 9.95.030. However, it is the parole board that actually determines the time to be served. Wash. Rev. Code § 9.95.040. See *infra,* at 135.

to three. *Mempa* v. *Rhay*, 68 Wash. 2d 882, 416 P. 2d 104. We granted certiorari to consider the questions raised. 386 U. S. 907 (1967).

Petitioner William Earl Walkling was convicted in the Thurston County Superior Court on October 29, 1962, of burglary in the second degree on the basis of his plea of guilty entered with the advice of his retained counsel. He was placed on probation for three years and the imposition of sentence was deferred. As conditions of his probation he was required to serve 90 days in the county jail and make restitution. On May 2, 1963, a bench warrant for his arrest was issued based on a report that he had violated the terms of his probation and had left the State.

On February 24, 1964, Walkling was arrested and charged with forgery and grand larceny. After being transferred back to Thurston County he was brought before the court on May 12, 1964, for a hearing on the petition by the prosecuting attorney to revoke his probation. Petitioner then requested a continuance to enable him to retain counsel and was granted a week. On May 18, 1964, the hearing was called and Walkling appeared without a lawyer. He informed the court that he had retained an attorney who was supposed to be present. After waiting for 15 minutes the court went ahead with the hearing in the absence of petitioner's counsel. He was not offered appointed counsel and would not have had counsel appointed for him had he requested it. Whether he made such a request does not appear from the record.

At the hearing a probation officer presented hearsay testimony to the effect that petitioner had committed the acts alleged in the 14 separate counts of forgery and 14 separate counts of grand larceny that had been charged against petitioner previously at the time of his arrest.

The court thereupon revoked probation and imposed the maximum sentence of 15 years on Walkling on his prior second degree burglary conviction. Because of the failure of the State to keep a record of the proceeding, nothing is known as to whether Walkling was advised of his right to appeal. He did not, however, take an appeal.

In May 1966 Walkling filed a habeas corpus petition with the Washington Supreme Court, claiming denial of his right to counsel at the combined probation revocation and sentencing proceeding. The petition was denied on the authority of the prior decision in *Mempa* v. *Rhay, supra.* We granted certiorari, 386 U. S. 907 (1967), and the cases were consolidated for argument.

In 1948 this Court held in *Townsend* v. *Burke,* 334 U. S. 736, that the absence of counsel during sentencing after a plea of guilty coupled with "assumptions concerning his criminal record which were materially untrue" deprived the defendant in that case of due process. Mr. Justice Jackson there stated in conclusion, "In this case, counsel might not have changed the sentence, but he could have taken steps to see that the conviction and sentence were not predicated on misinformation or misreading of court records, a requirement of fair play which absence of counsel withheld from this prisoner." *Id.,* at 741. Then in *Moore* v. *Michigan,* 355 U. S. 155 (1957), where a denial of due process was found when the defendant did not intelligently and understandingly waive counsel before entering a plea of guilty, this Court emphasized the prejudice stemming from the absence of counsel at the hearing on the degree of the crime following entry of the guilty plea and stated, "The right to counsel is not a right confined to representation during the trial on the merits." *Id.,* at 160.

In *Hamilton* v. *Alabama,* 368 U. S. 52 (1961), it was held that failure to appoint counsel at arraignment de-

prived the petitioner of due process, notwithstanding the fact that he simply pleaded not guilty at that time, because under Alabama law certain defenses had to be raised then or be abandoned. See also *Reece* v. *Georgia,* 350 U. S. 85 (1955), and *White* v. *Maryland,* 373 U. S. 59 (1963).

All the foregoing cases, with the exception of *White,* were decided during the reign of *Betts* v. *Brady,* 316 U. S. 455 (1942), and accordingly relied on various "special circumstances" to make the right to counsel applicable. In *Gideon* v. *Wainwright,* 372 U. S. 335 (1963), however, *Betts* was overruled and this Court held that the Sixth Amendment as applied through the Due Process Clause of the Fourteenth Amendment was applicable to the States and, accordingly, that there was an absolute right to appointment of counsel in felony cases.

There was no occasion in *Gideon* to enumerate the various stages in a criminal proceeding at which counsel was required, but *Townsend, Moore,* and *Hamilton,* when the *Betts* requirement of special circumstances is stripped away by *Gideon,* clearly stand for the proposition that appointment of counsel for an indigent is required at every stage of a criminal proceeding where substantial rights of a criminal accused may be affected. In particular, *Townsend* v. *Burke, supra,* illustrates the critical nature of sentencing in a criminal case and might well be considered to support by itself a holding that the right to counsel applies at sentencing.[3] Many lower courts have concluded that the Sixth Amendment right to counsel extends to sentencing in federal cases.[4]

---

[3] See Kadish, The Advocate and the Expert—Counsel in the Peno-Correctional Process, 45 Minn. L. Rev. 803, 806 (1961).

[4] *E. g., Martin* .v. *United States,* 182 F. 2d 225 (C. A. 5th Cir. 1950); *McKinney* v. *United States,* 93 U. S. App. D. C. 222, 208 F. 2d 844 (1953); *Nunley* v. *United States,* 283 F. 2d 651 (C. A. 10th Cir. 1960).

The State, however, argues that the petitioners were sentenced at the time they were originally placed on probation and that the imposition of sentence following probation revocation is, in effect, a mere formality constituting part of the probation revocation proceeding. It is true that sentencing in Washington offers fewer opportunities for the exercise of judicial discretion than in many other jurisdictions. The applicable statute requires the trial judge in all cases to sentence the convicted person to the maximum term provided by law for the offense of which he was convicted. Wash. Rev. Code § 9.95.010. The actual determination of the length of time to be served is to be made by the Board of Prison Terms and Paroles within six months after the convicted person is admitted to prison. Wash. Rev. Code § 9.95.040.

On the other hand, the sentencing judge is required by statute, together with the prosecutor, to furnish the Board with a recommendation as to the length of time that the person should serve, in addition to supplying it with various information about the circumstances of the crime and the character of the individual. Wash. Rev. Code § 9.95.030. We were informed during oral argument that the Board places considerable weight on these recommendations, although it is in no way bound by them. Obviously to the extent such recommendations are influential in determining the resulting sentence, the necessity for the aid of counsel in marshaling the facts, introducing evidence of mitigating circumstances and in general aiding and assisting the defendant to present his case as to sentence is apparent.

Even more important in a case such as this is the fact that certain legal rights may be lost if not exercised at this stage. For one, Washington law provides that an appeal in a case involving a plea of guilty followed by probation can only be taken after sentence is imposed following revocation of probation. *State* v. *Farmer,* 39

Wash. 2d 675, 237 P. 2d 734 (1951).[5]   Therefore in a case where an accused agreed to plead guilty, although he had a valid defense, because he was offered probation, absence of counsel at the imposition of the deferred sentence might well result in loss of the right to appeal. While ordinarily appeals from a plea of guilty are less frequent than those following a trial on the merits, the incidence of improperly obtained guilty pleas is not so slight as to be capable of being characterized as *de minimis*. See, *e. g., United States ex rel. Elksnis* v. *Gilligan,* 256 F. Supp. 244 (D. C. S. D. N. Y. 1966).   Cf. *Machibroda* v. *United States,* 368 U. S. 487 (1962).[6]

Likewise the Washington statutes provide that a plea of guilty can be withdrawn at any time prior to the imposition of sentence, Wash. Rev. Code § 10.40.175, *State* v. *Farmer, supra,* if the trial judge in his discretion finds that the ends of justice will be served, *State* v. *Shannon,* 60 Wash. 2d 883, 376 P. 2d 646 (1962). Without undertaking to catalog the various situations in which a lawyer could be of substantial assistance to a defendant in such a case, it can be reiterated that a plea of guilty might well be improperly obtained by the promise to have a defendant placed on the very probation the revocation of which furnishes the occasion for desiring to withdraw the plea.   An uncounseled defendant might very likely be unaware of this opportunity.

The two foregoing factors assume increased significance when it is considered that, as happened in these

---

[5] *State* v. *Proctor,* 68 Wash. 2d 817, 415 P. 2d 634 (1966), modified the *Farmer* rule only to permit an appeal following placement on probation in cases involving (1) a contested trial and (2) the imposition of a jail term or fine as a condition of probation.

[6] See generally Newman, Conviction—The Determination of Guilt or Innocence Without Trial (1966); Enker, "Perspectives on Plea Bargaining," in The President's Commission on Law Enforcement and Administration of Justice, Task Force Report: The Courts 108–119 (1967).

two cases, the eventual imposition of sentence on the prior plea of guilty is based on the alleged commission of offenses for which the accused is never tried.

In sum, we do not question the authority of the State of Washington to provide for a deferred sentencing procedure coupled with its probation provisions. Indeed, it appears to be an enlightened step forward. All we decide here is that a lawyer must be afforded at this proceeding whether it be labeled a revocation of probation or a deferred sentencing. We assume that counsel appointed for the purpose of the trial or guilty plea would not be unduly burdened by being requested to follow through at the deferred sentencing stage of the proceeding.

The judgments below are reversed and the cases are remanded for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*