R. Waldron Herzberg, Acting Justice.
In this habeas corpus proceeding the record establishes that the petitioner was certified to the care and custody of the New York (State Narcotic Addiction ¡Control .'Commission (Commission) for treatment for drug addiction pursuant to the provisions of section 206 of article 9 of the Mental Hygiene Law and is now a resident at the "Wbodbourne Behabilitation Center in Sullivan County.
On April 10, 1967 Patricia Murray petitioned the Supreme Court in Kings County to have her husband certified to the care and custody of the Commission for treatment for drug addiction. On April 18, 1967 the presiding Justice granted an order of certification after Murray had waived his rights to a hearing and counsel and consented to certification. Thereafter on October 27, 1967, while petitioner was a resident at the Mid-Hudson facility of the Commission, he was recommended for the aftercare program of the Commission and released on leave. During his release on aftercare Murray was arrested, convicted and sentenced to the Bikers Island Penitentiary. On release Murray was immediately returned to the care and custody of the Commission without being afforded a hearing.
In this proceeding Murray contends: first, that he is now rehabilitated; and second, that before he could be legally transferred from aftercare to a facility of the [Commission, he was entitled to a hearing with representation by either an attorney of his own choosing or one assigned by the court.
In respect to the first contention I find that petitioner has not sustained the burden of proof that he is now rehabilitated. Furthermore I find that he should not be released at this time without the benefit of the aftercare supervision provided by the Commission.
The second contention must likewise be denied. I cannot find any constitutional basis for applying the guarantees of the due process clause to an administrative act of the Commission in changing the status of a certified addict from that of an aftercare addict to that of a resident addict in a rehabilitation center. [Since this was not a judicial-type proceeding, petitioner did not have a right to be represented by counsel before the Commission. The holding by the Supreme Court in Mempa v. Rhay (389 U. S. 128) and Matter of Gault (387 U. S. 1) limits the right to a hearing to judicial-type proceedings '(see Matter of Briguglio v. New York State Bd. of Parole, 24 N Y 2d 21).
*1003 Although I find that this court does not have the power to review petitioner’s claim in this habeas corpus proceeding relative to his right to counsel and a hearing, I do not pass upon the right of any resident to review any alleged maladministration act of the 'Commission affecting a resident’s rights, in a proper proceeding (see Mental Hygiene Law, § 86; Rule 1500.1 promulgated by the New York State Narcotic Addiction Control Commission [14 NYCRR 1500.1]; People ex rel. Anonymous v. La Burt, 14 A D 2d 560, mot. for lv. to app. den. 10 N Y 2d 708, cert. den. 369 U. S. 428). Writ dismissed.