**UNITED STATES of America,**
**Appellee,**

v.

**Harold V. HALL, Appellant.**

**No. 72-1575.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 8, 1972.

Decided Dec. 18, 1972.

742

Harold V. Hall, pro se.

Daniel Bartlett, Jr., U. S. Atty., and Wesley D. Wedemeyer, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before MEHAFFY, BRIGHT and STEPHENSON, Circuit Judges.

PER CURIAM.

In 1966 appellant, Harold V. Hall, appeared with counsel in the United States District Court for the Eastern District of Missouri and entered a plea of guilty to three counts of possession of stolen mail. While on probation for the 1966 conviction Hall once again was charged with unlawful possession of mail. On January 22, 1971 Hall appeared with counsel before the United States District Court for the Eastern District of Missouri and entered a guilty plea to two counts of this mail charge. On the same day, January 22, 1971, with Hall and his counsel still present, a hearing was held to determine whether the second mail offense was a violation of Hall's probation. The Honorable James H. Meredith determined at this hearing that Hall had violated his probation, and sentenced him to an aggregate term of ten years to run concurrently with the aggregate ten year sentence he received the same day for unlawful possession of mail.

The following year Hall brought a motion for correction of sentence under 28 U.S.C. § 2255 alleging that he had been denied his right under Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967), to a probation violation hearing. This petition was denied for the reason that Hall had been accorded a full probation violation hearing with counsel present on January 22, 1971.

In this appeal Hall reasserts his claim that he had no probation violation hearing. The records clearly demonstrate that appellant's bald allegation that he was denied a probation violation hearing is untrue. The judgment of the district court is based on findings of fact that are not clearly erroneous.

The judgment of the district court is affirmed.