**Kermit G. REEDER, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 12, 1973.

Anthony M. Wilhoit, Jim R. Early, Frankfort, for appellant.

Ed W. Hancock, Atty. Gen., Thomas A. Ainley, Asst. Atty. Gen., Frankfort, for appellee.

GARDNER, Commissioner.

Kermit G. Reeder appeals from a judgment denying his release from custody under a habeas corpus proceeding. We affirm.

A brief history of the lower court's proceedings is called for.

The Department of Public Safety obtained an injunction preventing Reeder from driving a car while his operator's license was revoked. Subsequently an order was entered holding him in contempt for violating the injunction and he was sentenced to 180 days in jail. His sentence, however, was suspended upon the condition that he not violate any law. On June 8, 1973, the county attorney moved to set aside the suspension order, and notice was served on Reeder's "attorneys of record," that the motion would be presented to the court June 11, 1973. On June 11, 1973, with Reeder present but without counsel, the court " * * * after having heard proof that said defendant had been arrested several times for various law violations including violations for driving without an operator's license and for driving while under the influence of alcoholic beverages * * *," revoked the suspension and ordered Reeder to jail to serve 180 days.

Reeder filed a petition for writ of habeas corpus which was denied. Reeder was "allowed an appeal bond in the amount of $1,000.00 * * *."

The only question presented on the appeal is whether the court erred in revoking the suspension without counsel being present. We look to Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), for guidance. There the defendant had been placed on probation following a felony conviction. Subsequently he was arrested and upon his admission of having committed another crime, without formal hearing and without counsel being present, the court revoked the order of probation. Later the defendant petitioned for a writ of habeas corpus, setting forth as a ground that his admission of guilt of the subsequent crime was made under duress and was false. The Supreme Court held that in view of defendant's assertion that his admission was given under duress and was false, and in the absence of the record's refuting the claim, the case should be remanded to the lower court for a hearing.

While we are making a different disposition of the appeal than that of Scarpelli, we think the Supreme Court's discussion is most pertinent. In its opinion the court asserts that the elements determining due process are less stringent in revocation of probation proceedings than in the prosecution of the case. It makes a point that in Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967), the outright decla-

ration of the necessity of counsel must be observed in the light of the fact that the case under consideration was "a combined revocation and sentencing hearing," and that the sentencing was a stage of a criminal proceeding. The court then refers to Morrissey v. Brewer, 408 U.S. 471, 92 S. Ct. 2593, 33 L.Ed.2d 484 (1972), wherein it was held that revocation of parole is not a part of the criminal prosecution. (The court also states that there is no difference as regards constitutional safeguards between revocation of parole and revocation of probation.)

In Gagnon v. Scarpelli, supra, the court said:

"* * * we think that the Court of Appeals erred in accepting respondent's contention that the State is under a constitutional duty to provide counsel for indigents in all probation or parole revocation cases."

The court later said:

"We thus find no justification for a new inflexible constitutional rule with respect to the requirement of counsel. We think, rather, that the decision as to the need for counsel must be made on a case-by-case basis in the exercise of a sound discretion by the state authority charged with responsibility for administering the probation and parole system. Although the presence and participation of counsel will probably be both undesirable and constitutionally unnecessary in most revocation hearings, there will remain certain cases in which fundamental fairness—the touchstone of due process—will require that the State provide at its expense counsel for indigent probationers or parolees.

"It is neither possible nor prudent to attempt to formulate a precise and detailed set of guidelines to be followed in determining when the providing of counsel is necessary to meet the applicable due process requirements. The facts and circumstances in preliminary and final hearings are susceptible of almost infinite variation, and a considerable discretion must be allowed the responsible agency in making the decision. Presumptively, it may be said that counsel should be provided in cases where, after being informed of his right to request counsel, the probationer or parolee makes such a request, based on a timely and colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate and that the reasons are complex or otherwise difficult to develop or present. In passing on a request for the appointment of counsel, the responsible agency also should consider, especially in doubtful cases, whether the probationer appears to be capable of speaking effectively for himself. In every case in which a request for counsel at a preliminary or final hearing is refused, the grounds for refusal should be stated succinctly in the record."

In the present case we are not concerned with the prosecution of the case or a combination of a sentencing and revocation hearing as was under consideration in Mempa v. Rhay. We have before us only the question of whether the minimum requirements of due process entitled Reeder to counsel at the revocation hearing. As pointed out in Scarpelli, whether counsel is required must be determined on a case-by-case basis.

There is no contention in the record that Reeder, in fact, did not violate the terms of probation or that he had any mitigating excuse. Reeder contends on this appeal that the rule, "Presuming waiver of counsel from a silent record is impermissible," announced in Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967), requires a reversal of the judgment.

The contention overlooks the fact that we are now reviewing an action independent of the original contempt proceeding. In this habeas corpus proceeding there was not even a suggestion that Reeder did not violate the terms of probation, or that if he did there were mitigating circumstances or that the reasons for violation were complex or difficult to develop, or of anything else redounding to his favor. He insists that the mere fact he was not represented by counsel at the revocation hearing entitled him to be discharged from custody. We cannot agree.

The judgment is affirmed.

PALMORE, C. J., and JONES, MILLIKEN, OSBORNE, REED, STEINFELD and STEPHENSON, JJ., sitting.

All concur.