298 So.2d 206 (1974)
Hurgel Leroy SIMMONS, Appellant,
v.
STATE of Florida, Appellee.
No. 74-151.
District Court of Appeal of Florida, Second District.
July 31, 1974.
*207 James A. Gardner, Public Defender, Sarasota, and Elliott C. Metcalfe, Jr., Asst. Public Defender, Sarasota, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Mary Jo M. Gallay, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Appellant appeals the denial without hearing of his motion for post conviction relief. Admitting that counsel was with him when he pled guilty, appellant asserts that he was unaccompanied by counsel at the time of his sentencing. Unfortunately, the court records do not reflect whether or not counsel was present at sentencing.
Where one is sentenced without counsel, the sentence must be set aside. Mempa v. Rhay, 1967, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336; accord, Evans v. State, Fla.App.2d, 1964, 163 So.2d 520; Perkins v. State, Fla.App.2d, 1964, 165 So.2d 248. The rule of Mempa is retroactive. McConnell v. Rhay, 1968, 393 U.S. 2, 89 S.Ct. 32, 21 L.Ed.2d 2. Since appellant alleges that counsel was not with him when he was sentenced and since the record is silent on the subject, he is entitled to a hearing to determine this issue. State v. Weeks, Fla. 1964, 166 So.2d 892. If the court determines that counsel was not present, appellant should be provided with counsel who can represent him at the resentencing. We do not reach the other points raised in appellant's motion since these are matters which can be pursued at the trial court level if it be determined that appellant is entitled to resentencing.
The case is remanded for further proceedings consistent herewith.
MANN, C.J., and McNULTY and GRIMES, JJ., concur.