351 So.2d 1096 (1977)
William Dwain WOODARD, Appellant,
v.
The STATE of Florida, Appellee.
Nos. 76-600, 77-820.
District Court of Appeal of Florida, Third District.
November 8, 1977.
Rehearing Denied December 7, 1977.
*1097 Bennett H. Brummer, Public Defender and Irv J. Lamel, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Linda Collins Hertz, Asst. Atty. Gen., for appellee.
Before PEARSON, HAVERFIELD and NATHAN, JJ.
NATHAN, Judge.
This cause comes before us on consolidated appeals which devolve upon the single proceeding by which appellant's probation was revoked and sentence was imposed. We must decide whether the court's failure to advise appellant of his right to counsel and his resulting lack of counsel at this proceeding constitute violations of appellant's constitutional rights sufficient to require reversal. We hold that the sentencing procedure was constitutionally inadequate, but we affirm the revocation of probation.
In October of 1969 appellant, after entering guilty pleas, was adjudged guilty on eighteen counts. He was placed on probation by the trial judge, the term of probation to begin when he was released from the Georgia prison in which he was then incarcerated. His whereabouts upon his release by the Georgia authorities were unknown and probation officials filed an affidavit of violation of probation. Another affidavit was filed on January 8, 1976, the same date as appellant's probation revocation hearing, setting forth additional probation violations based on convictions for similar crimes to those for which appellant had been placed on probation. At the hearing, the following discourse occurred:
THE COURT: All right. William Woodard, it is alleged here that you have violated your probation by having been convicted in Hillsborough County on three charges of forgery or uttering forged instruments. Do you admit or deny that?
WOODARD: That's true.
THE COURT: Yes, I think in your own motion you set forth those facts.[1]
PROBATION OFFICER: Your honor, if I may  the last conviction was in Osceola County.
THE COURT: One in Hillsborough, two in Osceola.
PROBATION OFFICER: One in Hillsborough in '74, the others in Osceola in '75. Three counts.
THE COURT: Is that right, Mr. Woodard?
WOODARD: That's right.
THE COURT: All right. Probation is revoked.
*1098 Thereafter the court terminated appellant's probation unsatisfactorily on all but the two cases which are the subject of this appeal and imposed sentences of two years imprisonment in one case and three years on the other. On February 8, 1976, appellant filed a pro se motion to vacate judgment and sentence, alleging, inter alia, that he was denied counsel at his probation revocation hearing. The motion was denied without an evidentiary hearing.
A pro se notice of appeal was filed, the Public Defender was appointed to represent appellant, and this court granted him a belated appeal of his probation revocation, consolidating it with his appeal of the trial court's denial of his motion to vacate judgment and sentence.
The United States Supreme Court, in Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973) held that a state is not under a constitutional duty to provide counsel for indigents in all probation revocation hearings, and implied that the need is not usually present where probationer has admitted the violations with which he is charged. In so doing, the Court limited its prior holding in Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336, to the proposition that an indigent probationer is entitled to appointed counsel at sentencing even if this occurs at the same hearing in which probation is revoked.
In the instant situation, appellant already had been convicted of crimes during the period he was on probation, and was serving sentences based on those convictions. No issue existed as to his denial of the violations. Since the question of what process is due depends on the function of the proceeding as well as the nature of the interest affected, Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), and since the discussion at the hearing shows that this was not a situation in which the presence of counsel could have alleviated the consequences of appellant's own acts, we hold that failure to apprise appellant of his right to counsel at his probation revocation hearing was not an error which substantially affected his constitutional rights. This being so, the probation revocation need not be set aside. Van Cleaf v. State, 328 So.2d 568 (Fla.2d DCA 1976).
The same conclusion cannot be reached regarding imposition of sentence. The decision in Mempa mandates the presence of counsel at sentencing, whether or not this occurs at the same time as revocation of probation. Thus the sentencing procedure was constitutionally defective and must be reversed. Simmons v. State, 298 So.2d 206 (Fla.2d DCA 1974); Van Cleaf v. State, supra.
Appellant asserts additional error in the sentencing procedure, but because our decision as stated affords him the opportunity for relief on this aspect of the case, we need not reach these arguments.
Affirmed in part, reversed in part, and remanded for additional proceedings consistent with the views expressed in this opinion.
NOTES
[1] The court was referring to a pro se motion appellant had brought in proceedings not directly at issue in this appeal.