413 So.2d 1301 (1982)
James Lee THOMPSON, Appellant,
v.
STATE of Florida, Appellee.
No. 81-1726.
District Court of Appeal of Florida, Fourth District.
May 19, 1982.
Richard L. Jorandby, Public Defender, and Margaret Good, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Sharon Lee Stedman, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Appellant was charged with violation of his probation. After several continuances (the record is unclear as to the number, but at least two were granted based on the illness of appellant's privately retained counsel), the matter was set down for hearing and sentencing. At the hearing appellant explained that his counsel had been ill; that he had attempted to retain another attorney who did not appear at the hearing but apparently attempted to get a further continuance to which the state would not agree; and finally, appellant requested that counsel be appointed for him. The trial court refused to appoint counsel, pointing out that appellant was already represented by privately retained counsel and the hearing proceeded. Appellant's probation was revoked. He was found indigent for purposes of appeal. He now complains, through appointed counsel, of deprivation of his constitutional right to counsel and of certain evidentiary rulings of the trial court. Our view of the former makes consideration of the latter unnecessary.
In a case where privately retained counsel failed to appear at a hearing at which defendant's probation was revoked and he was then sentenced, the United States Supreme Court held that the right to counsel existed "at every stage of a criminal proceeding where substantial rights of a criminal accused may be affected." Mempa v. Rhay, 389 U.S. 128, 134, 88 S.Ct. 254, 257, 19 L.Ed.2d 336 (1967). This standard was slightly relaxed as to the revocation of probation aspect in Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973) resulting in the present rule that while the right to counsel in all probation revocation proceedings is not absolute, such a right will be found to exist where required for fundamental fairness.
Refinement of the federal standard by Florida courts limits the exception to the right to counsel afforded by Gagnon to those cases where the defendant has been convicted of the crime which is relied on as the grounds for revocation of probation or where he has admitted the charges against *1302 him. See Van Cleaf v. State, 328 So.2d 568 (Fla.2d DCA 1976); Woodard v. State, 351 So.2d 1096 (Fla.3d DCA 1977). The Mempa opinion continues to mandate an absolute right to be represented by counsel at sentencing and this is true even where sentencing is accomplished during or at the termination of a probation revocation hearing. See, e.g., Simmons v. State, 298 So.2d 206 (Fla.2d DCA 1974).
Appellant, Thompson, had not been convicted of the crime for which revocation of his probation was sought nor did he admit guilt. Accordingly, he was entitled to be represented by counsel at the hearing and sentencing. Proceeding without the presence of counsel constituted a violation of Thompson's constitutional rights and those proceedings are thereby rendered null and void. We therefore reverse and remand for rehearing of the charges against Thompson at which hearing he is entitled to be represented by counsel.
REVERSED and REMANDED with INSTRUCTIONS.
HERSEY, GLICKSTEIN and HURLEY, JJ., concur.