PER CURIAM.
By these consolidated appeals, we have for review an order revoking probation and a series of prison sentences imposed thereafter. For the reasons which follow, we reverse and remand for a new probation hearing.
It is undisputed on this record that the defendant Grandin was unrepresented by counsel at his probation revocation hearing and his sentencing hearing after unsuccessfully attempting to secure private counsel. It is also undisputed that the trial court did not advise the defendant of his right to appointed counsel in these proceedings and made no inquiry concerning his financial ability to retain counsel. We must decide whether the defendant had a right to appointed counsel in these proceedings which was denied to him below; plainly, no waiver of counsel appears in this record.
The law is well-settled that an indigent defendant in a felony case has an absolute right to appointed counsel at a sentencing hearing, absent a proper waiver, because sentencing is a critical stage of a criminal prosecution. Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967); Houston v. Ellis, 252 F.2d 186 (5th Cir.1958); Ellis v. Ellisor, 239 F.2d 175 (5th Cir.1956); Martin v. United States, 182 F.2d 225 (5th Cir.), cert. denied, 340 U.S. 892, 71 S.Ct. 200, 95 L.Ed. 647 (1950); Van Cleaf v. State, 328 So.2d 568 (Fla. 2d DCA 1976); *805 Simmons v. State, 298 So.2d 206 (Fla. 2d DCA 1974); Wingard v. State, 200 So.2d 630 (Fla. 2d DCA 1967); Bryant v. State, 194 So.2d 21 (Fla. 3d DCA 1967); Langlois v. State, 191 So.2d 284 (Fla. 3d DCA 1966); Perkins v. State, 165 So.2d 248 (Fla. 2d DCA 1964); Evans v. State, 163 So.2d 520 (Fla. 2d DCA 1964). The same defendant, however, does not have a right to appointed counsel at a probation revocation proceeding — unless special circumstances appear which require the appointment of counsel as a matter of fundamental fairness. Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).
Turning to the instant case, we conclude that the defendant Grandin had a right to appointed counsel at his sentencing hearing which was denied below; plainly, he was sentenced in a felony case without counsel below and did not waive his right to counsel. We also conclude that the defendant Grandin had a right to appointed counsel at his probation revocation hearing which was denied below; special circumstances appear in this record which required the appointment of counsel at this proceeding as a matter of fundamental fairness, which right was never waived below. Thompson v. State, 413 So.2d 1301 (Fla. 4th DCA 1982). The record reveals that (a) the defendant Grandin denied violating his probation, (b) the probation revocation hearing was unusually complex with a number of witnesses testifying to various substantive offenses which comprised the alleged violations of probation herein, and (c) the defendant Grandin himself showed some confusion at the hearing concerning his probationary status. This case differs, we think, from Woodard v. State, 351 So.2d 1096 (Fla. 3d DCA 1977), in that the violations herein were not plain on the record, were disputed by the defendant, and were complex in nature.
We reject the state’s argument that the defendant Grandin waived his right to counsel below by failing to request the court below to appoint counsel for him. A waiver of counsel in critical criminal proceedings can never be presumed on a silent record. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). Moreover, we do not read Mempa v. Rhay, supra, or Gagnon v. Scarpelli, supra, to reach a contrary result as the state contends; indeed, both cases indicate that where the right to counsel attaches in probation revocation and sentencing hearings, the defendant must be specifically so advised. Without dispute, the defendant was never advised of his right to appointed counsel below; his failure to request counsel in the absence of such advice cannot constitute a waiver of the right to counsel.
The order revoking probation and sentences imposed thereupon are reversed and the cause is remanded to the trial court with directions to conduct a new probation hearing and, if necessary, a new sentencing hearing wherein the defendant’s right to appointed counsel is properly protected in accordance with the views set forth in this opinion.
Reversed and remanded.