452 So.2d 606 (1984)
Carl Lee HICKS, Appellant,
v.
STATE of Florida, Appellee.
No. 83-684.
District Court of Appeal of Florida, Fourth District.
June 4, 1984.
Richard L. Jorandby, Public Defender, and Margaret Good, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Sharon Lee Stedman, Asst. Atty. Gen., West Palm Beach, for appellee.
DOWNEY, Judge.
Appellant was charged with violation of probation by committing three offenses: sexual battery, armed burglary, and grand theft. At the first hearing on the probation violation, the trial judge read the alleged violations and the charges forming the basis thereof to appellant; he informed appellant that at a final hearing the court would determine whether there was a material violation, which could result in a fifteen year sentence and $10,000 fine. Appellant *607 indicated that he understood the allegation of violation, the charges and the possible consequences. The trial judge asked appellant if he admitted or denied the charges, whereupon the assistant public defender on duty interrupted the proceedings and requested appointment of counsel to represent appellant. The judge advised counsel he was "out of order." Thereupon, the judge restated the question to appellant, who answered that he admitted all three charges. Thereafter, the judge again read out the charges; appellant denied two charges, but admitted to armed burglary. The court then made a finding of a material violation, set a sentencing date, and appointed counsel to represent appellant.
At a subsequent hearing the circuit court entertained argument on appellant's motion to set aside his admission due to the denial of counsel at the initial hearing. The court set aside the prior finding of a material violation but refused to allow appellant to withdraw his prior admission. Finally, the court made a finding of material violation, revoked the appellant's probation and sentenced him to a term of fifteen years.
The essential issue here is whether a trial court should require a probationer to admit or deny a charge of probation violation at an initial appearance without first advising him of his right to be represented by counsel and to have one appointed if indigent. The issue is of particular importance because there are a number of cases pending in this court wherein this same procedure was utilized and admissions of violation were accepted without advising the probationer of this right.
Courts have uniformly held that one is entitled to counsel at a sentencing hearing for violation of probation. E.g., Thompson v. State, 413 So.2d 1301, 1302 (Fla. 4th DCA 1982); Woodard v. State, 351 So.2d 1096 (Fla. 3d DCA 1977); Simmons v. State, 298 So.2d 206 (Fla. 2d DCA 1974). Some years ago this court held in Gargan v. State, 217 So.2d 578 (Fla. 4th DCA 1969), that a probationer was also entitled to counsel at a hearing held to determine whether his probation should be revoked. Later, Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), indicated that in certain probation proceedings appointed counsel was not necessarily a constitutional requirement. Then in Thompson this court stated that the Gagnon exception to the right to appointed counsel was limited to instances in which the defendant has been convicted of the crime which constituted the probation violation or cases in which the defendant admitted the violation. This court reversed the revocation of probation in Thompson because the defendant had not been convicted of the underlying crime and did not admit the violation.
Of more recent vintage, the Second District Court of Appeal has decided two cases, Smith v. State, 427 So.2d 773 (Fla. 2d DCA 1983), and Mullins v. State, 438 So.2d 908 (Fla. 2d DCA 1983), in which the court held that a probationer is entitled to appointed counsel at a hearing involving revocation of probation. In Mullins the court stated that the probationer "must be advised of his right to counsel prior to or at the beginning of a probation revocation hearing." Mullins, supra, at 901 (footnote omitted). This requirement seems to make the utmost good sense to us because, as this court stated in Gargan, "[c]ertainly the decision to deprive a probationer of his freedom is as critical as the subsequent imposition of sentence." Gargan, supra, at 579.
We are also aware, however, that in Sanderson v. State, 447 So.2d 374 (Fla. 1st DCA, 1984), the first district upheld an order of revocation notwithstanding its determination that there was no proper waiver of counsel by the probationer. Because the court concluded the probationer was not entitled to appointed counsel under Gagnon, any impropriety in the waiver was not reversible error. More importantly, the court, while noting the position expressed by the second district in Van Cleaf v. State, 328 So.2d 568 (Fla. 2d DCA 1976), stated "[w]e are of the view that adoption of a per se rule for appointed counsel in *608 probation revocation proceedings would be inappropriate." Sanderson, supra, at 377.
The Supreme Court articulated a similar aversion to a per se rule in Gagnon. Gagnon, supra, 93 S.Ct. at 1762. However, we think that, because of differences between the revocation procedure described in Gagnon and that utilized in Florida, a per se rule does not conflict with or remain at odds with the rationale of that case. The Gagnon court opined that:
The introduction of counsel into a revocation proceeding will alter significantly the nature of the proceeding. If counsel is provided for the probationer or parolee, the State in turn will normally provide its own counsel; lawyers, by training and disposition, are advocates and bound by professional duty to present all available evidence and arguments in support of their clients' positions and to contest with vigor all adverse evidence and views. The role of the hearing body itself, aptly described in Morrissey [v. Brewster, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972)] as being "predictive and discretionary" as well as factfinding, may become more akin to that of a judge at a trial, and less attuned to the rehabilitative needs of the individual probationer or parolee. In the greater self-consciousness of its quasi-judicial role, the hearing body may be less tolerant of marginal deviant behavior and feel more pressure to reincarcerate than to continue nonpunitive rehabilitation. Certainly, the decisionmaking process will be prolonged, and the financial cost to the State  for appointed counsel, counsel for the State, a longer record, and the possibility of judicial review  will not be insubstantial. (Footnote omitted.) Gagnon, supra, at 1762.
In the proceeding below the state was represented by an assistant state attorney, acting as an advocate on its behalf. The hearing body was a circuit judge acting very much akin to a judge at trial. While the proceeding does not entail all the formalities of a criminal trial, a probationer clearly benefits from having counsel when dealing with procedures such as discovery and in evaluating the competency of any evidence presented by the state. We are particularly impressed with the problem of infringing on a probationer's protection against self-incrimination where, as below, a revocation hearing is conducted prior to the disposition of criminal charges forming the basis of the affidavit of violation. See State v. Heath, 343 So.2d 13 (Fla. 1977), cert. denied, 434 U.S. 893, 98 S.Ct. 269, 54 L.Ed.2d 179 (1977). As to the Supreme Court's concern with cost, we observe that counsel must be appointed for sentencing in all events and that a per se rule tends to reduce uncertainty and enhance consistency, all of which decreases the possibility of reversible error and appellate review.
In sum, notwithstanding the fact that all probationers do not have a constitutional right to counsel at a probation revocation proceeding (as opposed to a sentencing hearing), it is our view that as a policy matter an entitlement to counsel is essential to ensure reasonable fairness in revocation proceedings. We therefore align ourselves with the conclusion reached by the Second District Court of Appeal and hold that before a trial court can take a plea from a probationer in a proceeding involving a probation violation the probationer must be advised of his right to counsel.
Accordingly, the order of revocation is reversed, the sentence is vacated and the cause is remanded with directions to hold a new revocation proceeding at which appellant is advised of his right to counsel.
REVERSED AND REMANDED, with directions.
BERANEK and HERSEY, JJ., concur.