GLICKSTEIN, Judge,
concurring with reversal but dissenting as to the directions on remand and as to the concurring opinion.
I concur in the reversal because it was error for the trial court to proceed as it did. However, I disagree with the analysis and per se rule adopted in Hicks v. State, 452 So.2d 606 (Fla. 4th DCA 1984), for all of the reasons recited in my concurring and dissenting opinion in Hooper v. State, 452 *610 So.2d 611 (Fla. 4th DCA 1984), which I need not repeat here.
Whatever the Supreme Court of Florida decides, I hope it will resolve the conflicts between the district courts of appeal at an early date because of two important concerns. First, there is an ongoing lack of uniformity which affects a growing number of probationers as well as trial judges, prosecutors and defense counsel who are caught up in the conflict. Second, the taxpayers’ resources are involved. If the Supreme Court adopts the view of the Second District Court of Appeal in Smith v. State, 427 So.2d 773, 774 (Fla. 2d DCA 1983), and of this court in Hicks, then (a) the cases in the First District Court of Appeal including Sanderson v. State, 447 So.2d 374 (Fla. 1st DCA 1984) and any subsequent thereto will have to be reprocessed; and (b) it would seem appropriate for the Legislature as the people’s surrogate, after specific focus and debate, to consider response to any decision not only in a constitutionally permissible manner but, more important, as the people’s spokespersons making statutory expression of our citizens’ social value judgments.
With respect to Judge Anstead’s concurring opinion, I disagree with his analysis for a number of reasons. First, I respectfully suggest, his analysis is incompatible with the primary point repeatedly made in Gagnon; namely:
Probation revocation, like parole revocation, is not a stage of a criminal prosecution, but does result in a loss of liberty.
411 U.S. at 782, 93 S.Ct. at 1759-60, 36 L.Ed.2d at 661-62. Again:
[W]e think it a sufficient answer that we deal here, not with the right of an accused to counsel in a criminal prosecution, but with the more limited due process right of one who is a probationer or parolee only because he has been convicted of a crime.
411 U.S. at 789, 93 S.Ct. at 1763, 36 L.Ed.2d at 666.
Second, I believe the concurrence blows out of proportion the fact that in Gagnon the probationer had been sentenced whereas appellant here had not been sentenced. In Gagnon the probationer had been sentenced to fifteen years for armed robbery; but the sentence had been “suspended” and probation imposed for seven years in its place. The court was required to distinguish Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967), which had required counsel at sentencing of a probationer in a combined revocation and sentencing hearing because:
counsel is required “at every state of a criminal proceeding where substantial rights of a criminal accused may be affected,” id., at 134, 88 S.Ct. at 257, and ... sentencing is one such stage...
411 U.S. at 781, 93 S.Ct. at 1759, 36 L.Ed.2d at 661.
I suggest it was immaterial to the Supreme Court whether the sentencing came before a probation revocation hearing, during same or after. At sentencing, whenever it is held, counsel is required. The court expressly minimized the chronological order in which the sentencing and the probation violation hearing occurred, by going on to say in the next paragraph
Of greater relevance is our decision last Term in Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).
411 U.S. at 781, 93 S.Ct. at 1759, 36 L.Ed.2d at 661. The reference is to the holding that parole revocation is not a part of a criminal prosecution. Id. Third, I believe the concurrence is an effort to shore up the panel’s analysis in Hicks.
Unfortunately, when this state’s highest court reviews Hicks, it may regard it as the mouse that roared, as I feel it regarded the majority’s decision in Jones v. Hoffman, 272 So.2d 529 (Fla. 4th DCA), certified questions answered, 280 So.2d 431 (Fla.1973). There, a judge and associate judge, speaking for this court, took on the Florida Supreme Court. In Hicks and the present case, this court, in my view, has taken on the Florida Legislature while disregarding the United States Supreme Court’s construction of a constitutional requirement.