GLICKSTEIN, Judge,
concurring only in the reversal.
I concur in the reversal because it was error for the trial court to proceed as it did. However, I disagree with the analysis and “per se” rule adopted in Hicks v. State, 452 So.2d 606 (Fla. 4th DCA 1984), for all of the reasons recited in my concurring and dissenting opinion in Hooper v. State, 452 So.2d 611 (Fla. 4th DCA 1984), which I need not repeat here.
Whatever the Supreme Court of Florida decides, I hope it will resolve the conflicts between the district courts of appeal at an early date because of two important concerns. First, there is an ongoing lack of uniformity which affects a growing number of probationers as well as trial judges, prosecutors and defense counsel who are caught up in the conflict. Second, the taxpayers’ resources are involved. If the Supreme Court adopts the view of the Second District Court of Appeal in Smith v. State, 427 So.2d 773, 774 (Fla. 2d DCA 1983), and of this court in Hicks, then (a) the cases in the First District Court of Appeal including Sanderson v. State, 447 So.2d 374 (Fla. 1st DCA 1984) and any subsequent thereto will have to be reprocessed; and (b) it would seem appropriate for the Legislature as the people’s surrogate, after specific focus and debate, to consider response to any decision not only in a constitutionally permissible manner but, more important, as the people’s spokespersons making statutory expressions of our citizens’ social value judgments.