15 F.3d 1084
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Lance Edward FLEMING, Petitioner-Appellant,
v.
Robert G. BORG, Respondent-Appellee.
 No. 93-15485.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1993.*
Decided Dec. 22, 1993.
 
 Before: SNEED, NOONAN, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lance Edward Fleming, a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2254 habeas petition. Fleming contends that: (1) he was denied the effective assistance of counsel in entering his guilty plea; and (2) he was denied the effective assistance of counsel at sentencing. We have jurisdiction under 28 U.S.C. Sec. 2253. We review de novo, Hendricks v. Zenon, 993 F.2d 664, 668 (9th Cir.1993) and affirm.
 
 
 3
 Fleming contends that his guilty plea was not knowing, voluntary, and intelligent because his attorney failed to advise Fleming of the potential defense of diminished capacity before Fleming entered his plea. This contention lacks merit.
 
 
 4
 Where a defendant enters a plea of guilty upon the advice of counsel, the voluntariness of the plea depends on whether the defendant received the effective assistance of counsel. Hill v. Lockhart, 474 U.S. 52, 56-57 (1985). The two-part test of Strickland v. Washington, 466 U.S. 668 (1984) applies to challenges to guilty pleas based on ineffective assistance of counsel. Hill, 474 U.S. at 57. First, the defendant must show that counsel's representation fell below an objective standard of reasonableness. Id. (citing Strickland, 466 U.S. at 687-88). There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689.
 
 
 5
 Second, the defendant must show that counsel's deficient performance prejudiced the defendant. Id. at 694. "[T]he defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59. "[W]here the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the prejudice inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial." Id. The focus of the prejudice analysis is on whether the result of the proceeding was fundamentally unfair or unreliable. Lockhart v. Fretwell, 113 S.Ct. 838, 844 (1993). "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." Id.
 
 
 6
 Here, Fleming fails to meet either prong of the Strickland test. First, counsel's advice to enter a guilty plea falls well within the wide range of reasonable professional assistance. Fleming had two prior convictions for second degree murder which were committed under similar circumstances to the pending murder charge. Evidence of Fleming's two prior murder convictions as well as his confessions to those murders could have been admissible at trial. If the prosecution had succeeded in obtaining a conviction for first degree murder, Fleming would have been eligible for the death penalty or a term of life withbout the possibility of parole. See Cal.Penal Code Sec. 190.2(a)(2) (special circumstances include prior convictions for murder in the first degree or second degree). Counsel made a strategic choice in requesting a reduced charge of second degree murder rather than risking the severe penalties of a first degree murder conviction. See Strickland, 466 U.S. at 699 (counsel's strategic choice well within the range of professionally reasonable judgments). Counsel succeeded in obtaining the reduced charge and petitioner received a sentence of fifteen years to life, running concurrently with his other sentences for second degree murder. Accordingly, counsel's recommendation that Fleming plead guilty to a reduced charge did not fall below an objective standard of reasonableness. See Strickland, 466 U.S. at 687-88.
 
 
 7
 Second, Fleming fails to make any showing that he was prejudiced by his attorney's failure to advise him of the potential diminished capacity defense. Although Fleming contends that he would have gone to trial had he known about this potential defense, he offers no support for this contention other than his own statement. In addition, it is unlikely that Fleming would have succeeded on a diminished capacity defense given the overwhelming evidence against him, including his confessions to two prior murders.
 
 
 8
 Moreover, even if Fleming could show that he would have succeeded on a diminished capacity defense, he fails to show prejudice because the proceedings were neither fundamentally unfair nor unreliable. In 1982, California abolished the diminished capacity defense. Cal.Penal Code Sec. 25(a) (diminished capacity defense no longer available to negate mental state of crime). Since the diminished capacity defense no longer exists, the entry of a plea without knowledge of this defense does not deprive Fleming of any substantive or procedural right. See Fretwell, 113 S.Ct. at 844. Accordingly, the district court did not err in denying Fleming's claim of ineffective assistance of counsel at the pleading phase. See Hill, 474 U.S. at 56-57.[1]
 
 
 9
 Fleming also contends that his attorney was ineffective for failing to raise Fleming's mental disorder as a mitigating factor during the sentencing phase of the proceedings. This contention lacks merit.
 
 
 10
 The sixth amendment right to counsel applies to all critical stages of the criminal proceedings including the sentencing phase. Mempa v. Rhay, 389 U.S. 128, 134-35 (1967); see Strickland, 466 U.S. at 699-700. To establish ineffective assistance of counsel a criminal defendant must show (1) that his attorney's representation fell below an objective standard of reasonableness and (2) that the deficient performance prejudiced his defense. Strickland, 466 U.S. at 687.
 
 
 11
 Here, Fleming's sole argument is that his attorney failed to present any mitigating evidence of Fleming's mental condition at the sentencing phase. It is unnecessary to consider whether counsel's conduct was objectively reasonable because Fleming has not shown prejudice. There is no evidence that Fleming would have received a shorter sentence had his attorney presented evidence of Fleming's mental condition. California Penal Code Sec. 190 mandated a sentence of fifteen years to life for second degree murder, without regard to either mitigating or aggravating factors. Mitigating and aggravating factors were relevant only to determine whether the sentence should be consecutive or concurrent. See Cal.R.Ct. 425(b). Since the trial court sentenced Fleming to a concurrent sentence of fifteen years to life, Fleming received the most lenient sentence possible for second degree murder. Accordingly, the district court did not err in denying Fleming's claim of ineffective assistance of counsel at the sentencing phase. See Strickland, 466 U.S. at 687.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Fleming contends that he has raised two separate issues on appeal: (1) whether his guilty plea was knowing, voluntary and intelligent and (2) whether he received ineffective assistance of counsel. However, Fleming contends that his guilty plea was invalid because of counsel's failure to advise him of an affirmative defense. Thus, Fleming may only attack the voluntary and intelligent character of his plea by showing that this failure amounted to ineffective assistance of counsel. See Hill, 474 U.S. at 56-57