**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 11-1304

———————

KENNETH J. WILLIAMS,
Appellant

v.

MR. DONALD T. VAUGHN; DISTRICT ATTORNEY FOR LEHIGH
COUNTY;
THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA

———————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court No. 2-95-cv-07977
District Judge: The Honorable Jan E. Dubois

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 27, 2012
Before: FUENTES, SMITH, and JORDAN, *Circuit Judges*

(Opinion Filed: April 13, 2012)

———————

OPINION

———————

SMITH, *Circuit Judge.*

In 1985, Kenneth J. Williams was convicted by a jury of first degree murder

and was sentenced to death. On December 26, 1995, after unsuccessfully

appealing his conviction and sentence, Williams petitioned for post-conviction relief under Pennsylvania's Post-Conviction Relief Act ("PCRA"), raising claims concerning the guilt phase as well as the penalty phase of his trial. On December 27, 1995, Williams filed in the Eastern District of Pennsylvania a parallel petition for federal habeas relief under 28 U.S.C. § 2254. This federal petition was quickly dismissed without prejudice.

On October 17, 2003, after years of litigation in state court concerning the timeliness of his PCRA petition, the PCRA court granted his petition as to his penalty phase claims. The court granted Williams a new penalty phase. The PCRA court rejected, however, all of Williams's guilt phase claims. The PCRA court's decision was appealed, and the Pennsylvania Supreme Court vacated the decision and remanded for reconsideration. On remand, the PCRA Court again granted Williams' PCRA petition as to his penalty phase claims, but denied his petition as to his guilt phase claims. On June 17, 2008, the Pennsylvania Supreme Court affirmed this second decision. At Williams's resentencing, Williams received a life sentence. He did not appeal this new sentence.

On December 14, 2009, after the Pennsylvania Supreme Court affirmed the PCRA court's decision, Williams filed a motion to reactivate his federal habeas proceeding, and to file an amended habeas petition under § 2254 focusing exclusively on his guilt phase claims. On February 8, 2010, the District Court

granted Williams's motion, and deemed his amended habeas petition filed *nunc pro tunc* to December 14, 2009.

The District Court referred Williams's petition to a Magistrate Judge, who recommended that the petition be denied. Williams filed written objections to the Magistrate's report and recommendation. On January 11, 2011, the District Court rejected Williams's objections, adopted the Magistrate Judge's report and recommendation, and dismissed Williams's petition. The District Court declined to issue a certificate of appealability under 28 U.S.C. § 2253(c).

Williams filed a timely appeal, along with a motion for a certificate of appealability. A panel of this court granted Williams a certificate of appealability as to two issues: (1) whether Williams was denied his right to effective assistance of counsel at a "critical" stage prior to trial; and (2) whether an informal conference with the Chief Justice of the Pennsylvania Supreme Court violated Williams's right to due process.[1]

Because the District Court "relied exclusively on the state court record and did not hold an evidentiary hearing, our review is plenary." *Palmer v. Hendricks*, 592 F.3d 386, 392 (3d Cir. 2010). "We review the decision of the state court under the same standard that the District Court was required to apply." *Saranchak v.*

---

[1] The District Court had jurisdiction under 28 U.S.C. §§ 2241, 2254. This court has appellate jurisdiction under 28 U.S.C. §§ 1291, 2253.

*Beard*, 616 F.3d 292, 301 (3d Cir. 2010).  A district court's authority to review a state court's denial of post-conviction relief is limited by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996). Because the PCRA Court denied Williams's guilt phase claims on the merits, we may grant habeas relief only if the PCRA Court's adjudication of Williams's claims "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or . . . in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).

First, "a trial is unfair if the accused is denied counsel at a critical stage of his trial."  *United States v. Cronic*, 466 U.S. 648, 659 (1984).  Williams argues that he was denied his right to counsel when he was nominally represented by the Lehigh County Public Defender's Office while they were actively trying to withdraw from the case.  He further argues that this was a critical stage of his case because it was during this period that the court set a firm date for his trial, and thus that he was denied his constitutional rights.

A critical stage is "every stage of a criminal proceeding where substantial rights of a criminal accused may be affected."  *Mempa v. Rhay*, 389 U.S. 128, 134 (1967).  The PCRA Court concluded that "[t]he setting of a trial date is a

4

ministerial matter . . . and does not remotely constitute a critical stage." App'x A-133. The Pennsylvania Supreme Court agreed. App'x A-93. Williams has not shown that this conclusion was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).[2]

Second, Williams argues that an informal conference with the Chief Justice of the Pennsylvania Supreme Court violated his due process rights because the party who petitioned for the hearing "failed to properly invoke the court's jurisdiction," and because "the decisions to substitute counsel and to provide the new lawyer with a mere 21 days to prepare were made in these improperly conducted proceedings." Appellant's Br. at 27.

The Pennsylvania Supreme Court found that the "Chief Justice did not make any definitive ruling" at the conference. App'x A-93.[3] Because no definitive ruling with respect to the trial date was made at the conference, the Pennsylvania Supreme Court concluded, there was no due process violation

---

[2] Williams cites extensively to *Yohn v. Love*, 76 F.3d 508, 522 (3d Cir. 1996), in support of his argument. *Yohn*, however, was not "determined by the Supreme Court of the United States," and is thus not sufficient to overcome § 2254(d)(1). *See Brown v. Wenerowicz*, 663 F.3d 619, 630 (3d Cir. 2011).

[3] This factual finding was not "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," and we are bound to accept the finding. 28 U.S.C. § 2254(d)(2).

5

"regardless of the technical propriety of the proceedings . . . ." *Id.* We agree—assuming, without deciding that the hearing was technically inappropriate, it did not result in a definitive ruling, and any resulting error was harmless.[4]

Accordingly, we will affirm the judgment of the District Court.

---

[4] Williams argues that this alleged error is a "structural" error not subject to harmless error review. We disagree. Given the Pennsylvania Supreme Court's finding that no definitive ruling was made at the conference, any error arising out of that hearing did not "infect the entire trial process," and thus was merely a "trial" error. *See generally United States v. Gonzalez-Lopez*, 548 U.S. 140, 148-51 (2006) (discussing the difference between trial error and structural error); *Palmer v. Hendricks*, 592 F.3d 386, 397 (3d Cir. 2010) (same).