

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

NO. WR-89,899-06

**EX PARTE RODNEY ADAM HURDSMAN, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. CR 17817-C IN THE 271ST DISTRICT COURT
## FROM WISE COUNTY

*Per curiam*.

## O R D E R

Applicant was convicted of theft and sentenced to seventy-five years' imprisonment. The Second Court of Appeals affirmed his conviction. *Hurdsman v. State*, No. 02-17-00319-CR (Tex. App.—Fort Worth Nov. 8, 2018) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that counsel, Raymond Napolitan, failed to communicate to the State that Applicant would accept a plea offer of eighteen months in prison. Applicant also contends that he was denied counsel from October 7, 2014, when Jim Shaw withdrew as counsel without his knowledge, to July 12, 2017, and that the trial court failed to appoint counsel

during this period even though Applicant had been found indigent. Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Mempa v. Rhay*, 389 U.S. 128 (1967). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order Napolitan to respond to Applicant's claim that he failed to communicate to the State that Applicant would accept a plea offer of eighteen months in prison. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether the State made a plea offer of eighteen months in prison, Applicant accepted this offer, Napolitan communicated Applicant's acceptance to the State, and the trial court would have accepted the plea agreement. *See generally Missouri v. Frye*, 566 U.S. 134 (2012). The trial court shall also make findings and conclusions as to whether Applicant was denied his right to counsel from October 7, 2014 to July 12, 2017. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from

hearings and depositions.  *See* Tex. R. App. P. 73.4(b)(4).  Any extensions of time must be requested by the trial court and obtained from this Court.


Filed:          April 1, 2020
Do not publish