[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 12, 2011
JOHN LEY
CLERK

_____

Nos. 09-11322 & 09-11539

_____

D. C. Docket Nos. 08-20963-CV-CMA, 08-20964-CV-FAM

YANET DUHARTE,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.

_____

No. 09-13783

_____

D.C. Docket No. 08-20961-CV-PAS

YANET DUHARTE,

Petitioner-Appellee,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,

Respondent-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida
_____

(December 12, 2011)

Before TJOFLAT and MARTIN, Circuit Judges, and DAWSON,[*] District Judge.

PER CURIAM:

On July 14, 2006, Yanet Duharte pleaded guilty to two separate indictments pending in Florida state court (hereinafter the "2006 convictions"). Pursuant to her plea agreement, Duharte also pleaded guilty to three probation violations (the "probation violations"). Thus, in the July 14, 2006 plea agreement, Duharte admitted wrongdoing in five cases, but in three of the cases the wrongdoing was limited to probation violations.

Pursuant to the plea agreement, Duharte was to be sentenced to concurrent 20-year sentences for both 2006 convictions. She was not to receive 20-year sentences for the probation violations, however, and in fact under Florida law could not receive greater than a 5-year sentence for each such probation violation. Nonetheless, the judgment entered against her imposed 20-year terms for all five

_____

[*] Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas, sitting by designation.

2

cases referenced in her plea.

In June 2007, Duharte sought state post-conviction relief. At an October 1, 2007 hearing on her post-conviction petition, the trial court agreed that relief was warranted, explaining:

> When the defendant accepted the global plea for [all five violations], the record reflects the intended plea defendant was agreeing to was a 20 year sentence on [the 2006 convictions] as a Habitual Offender, in exchange for her admissions to her [probation violations], and her guilty pleas to [the 2006 convictions]. . . . The fact that the twenty-year sentence applied only to the two substantive cases is apparent from the record since the only cases in which defendant could have been sentenced to as an Habitual Offender were the two substantive cases . . . . However, because there were a number of charges all ranging from third degree felonies to first degree felonies, and the plea colloquy did not address each charge individually, instead it addressed the cases as a whole, the clerk's office inputted the sentence as a whole and sentenced the defendant to 20 years in State prison on all charges on all cases. Consequently, defendant was sentenced to 20 years in state prison on third degree felonies. The defendant is correct in her allegations that a twenty-year sentence on a third degree felony is an illegal sentence. Thus, the defendant's third ground for relief is granted, and the defendant's sentence is vacated and reset for sentencing.

Based on this, the court entered an order vacating Duharte's sentences.

Duharte was then resentenced during this same October 1st proceeding. The record reveals that, during the resentencing, the State Attorney stipulated that Duharte's original habitual determination was predicated upon a now-vacated conviction. The State Attorney explained:

3

On [the 2006 convictions], the defendant was sentenced to 20 years state prison as an H.O. [(Habitual Offender)]. She was sentenced according to her predicates. However, one of her predicates that made the crime within the five years has since been vacated. The sentence on that case was vacated so the state need[s] to resentence her with predicates – that will still habitualize her.

The trial court then consulted with Duharte regarding the status of three

convictions identified by the State. The exchange went as follows:

THE COURT: Do you have any of those convictions set aside by post conviction or by a pardon by the governor?

MS. DUHARTE: The '93, on the '93 case I have a post conviction motion.

THE STATE ATTORNEY: The conviction was not vacated. It was on the sentence.

THE COURT: So the conviction still stood. Other than that, do you have any proof --

MS. DUHARTE: No.

THE COURT: When was the notice filed in this case?

THE STATE ATTORNEY: The notice on the F05-27186 and F05-27185 was filed September 14, 2005. I know she was notified of it. She admitted to receiving notice at the last plea. I'm looking through the court file to see what the actual notice was.

THE COURT: When we went through the plea colloquy it was the same notice.
    I find by the preponderance of the evidence that the defendant was previously convicted of two felonies, the dates, the case numbers, the sentence was announced a few moments ago.

The court find[s] that the felony for which the defendant is being sentenced, are not one of the two prior felonies, are not in violation of relating to possession of controlled substance.

The court finds that the defendant has offered no proof that any of the prior convictions were set aside by post conviction proceedings or by a pardon from the governor, therefore, she can be sentenced as a habitual felony offender for that case as well.

The court then entered an order incorrectly stating that Duharte had received the benefit of counsel at resentencing, and reimposed the prior habitual offender 20-year sentences.

Duharte appealed the denial of her other habeas claims, and added a claim that the trial court erred in failing to appoint counsel for the hearing on her post conviction motions. The Florida Third District Court of Appeals summarily affirmed.

Duharte then filed three petitions for relief under 28 U.S.C. § 2255 in the Southern District of Florida, which were in turn allotted to two separate district judges. Duharte argued in each petition that, inter alia, the state trial judge deprived her of her Sixth Amendment right to counsel when it refused to provide her counsel at her resentencing.

The first district judge denied two of the petitions, concluding that Duharte's resentencing resulted in mere ministerial corrections for which she was not entitled to counsel. The second judge, however, granted relief, explicitly

5

rejecting the conclusion that the resentencing was a ministerial correction. Both parties appealed, respectively, and we now dispose of both appeals in this consolidated opinion.

A district court's grant or denial of a habeas corpus petition is reviewed de novo. Ward v. Hall, 592 F.3d 1144, 1155 (11th Cir. 2010). Because Duharte filed her federal petition after April 24, 1996, this case is governed by 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Act of 1996. See Henderson v. Campbell, 353 F.3d 880, 889–90 (11th Cir. 2003). Under 28 U.S.C. § 2254(d), we cannot grant habeas relief to a claim adjudicated on the merits in state court unless the state court's resolution of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Thus, in this case, we must determine whether the state court's conclusion that petitioner was not entitled to counsel at her resentencing was contrary to, or an unreasonable application of, clearly established federal law.

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his

defence." U.S. Const. amend. VI. An indigent defendant who cannot afford an attorney has an absolute right to have counsel appointed by the court. Gideon v. Wainwright, 372 U.S. 335, 342–44, 83 S. Ct. 792, 795–97 (1963). The right to counsel attaches in a criminal prosecution after the initiation of adversarial judicial proceedings, Kirby v. Illinois, 406 U.S. 682, 689–90, 92 S. Ct. 1877, 1882 (1972), and continues through the first-tier of non-discretionary direct appeal, if the state provides an appeal as a matter of right. Penson v. Ohio, 488 U.S. 75, 88, 109 S. Ct. 346, 354 (1988).

Duharte's right to counsel is determined by whether her resentencing constituted a "critical stage" in her proceedings. As the Supreme Court has explained, "[o]nce attachment occurs, the accused at least is entitled to the presence of appointed counsel during any 'critical stage' of the postattachment proceedings; what makes a stage critical is what shows the need for counsel's presence." Rothgery v. Gillespie Cnty., Tex., 554 U.S. 191, 212, 128 S. Ct. 2578, 2591 (2008). Supreme Court precedents "have defined critical stages as proceedings between an individual and agents of the State (whether 'formal or informal, in court or out,' that amount to 'trial-like confrontations,' at which counsel would help the accused 'in coping with legal problems or . . . meeting his adversary.'" Id. at n.16 (internal citations omitted). Indeed, "[e]ven though the

7

defendant has no substantive right to a particular sentence within the range authorized by statute, the sentencing is a critical stage of the criminal proceeding at which he is entitled to the effective assistance of counsel." Gardner v. Florida 430 U.S. 349, 358, 97 S. Ct. 1197, 1204–05 (1977) (citing Mempa v. Rhay, 389 U.S. 128, 88 S. Ct. 254 (1967); Specht v. Patterson, 386 U.S. 605, 87 S. Ct. 1209 (1967)).

Applying this standard, we hold that Duharte's resentencing was a "critical stage" in her proceedings, and therefore counsel should have been appointed. As the colloquy from Duharte's resentencing demonstrates, the trial court did not merely perform a ministerial act of vacating and resentencing her on her illegal probationary sentences. Instead, the trial court made a finding of fact that one of Duharte's prior predicate felonies—which had been used to qualify her for an enhanced habitual felony offender sentence on her 2006 convictions—had been vacated. As a result, before the trial court could "rehabitualize" Duharte, it needed to exercise discretion, judgment, and skill to determine that another of her prior convictions could serve as a qualifying offense. This required inquiry into the status of Duharte's criminal history and making a new finding of fact that other predicate offenses were still valid to qualify as habitual offender predicates. We think it beyond peradventure that the adverse and fact-finding nature of this

8

inquiry plainly renders it a "proceeding[] between an individual and agents of the State . . . at which counsel would help the accused 'in coping with legal problems or . . . meeting [her] adversary.'" Rothgery, 554 U.S. at 212 n.16, 128 S. Ct. at 2591 n.16. Indeed, this is especially true in this case, where the sentencing Judge tasked Duharte with arguing whether one of her prior convictions was still valid, and ultimately dismissed her arguments for want of evidence, and then resentenced her as a habitual felony offender.

Under clearly established federal law, Duharte was thus entitled to counsel at her resentencing. Rothgery, 554 U.S. at 212, 128 S. Ct. at 2591; see Gardner, 430 U.S. at 358, 97 S. Ct. at 1205. Furthermore, we presume Duarte was prejudiced. As the Supreme Court stated in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984), the "[a]ctual . . . denial of the assistance of counsel altogether is legally presumed to result in prejudice." Id. at 692, 104 S. Ct. at 2067; see also United States v. Cronic, 466 U.S. 648, 659, 104 S. Ct. 2039, 2047 (1984) ("The presumption that counsel's assistance is essential requires us to conclude that a trial is unfair if the accused is denied counsel at a critical stage of his trial."). In this case, the state post-conviction court's failure to appoint Duharte counsel "resulted in a decision that was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C.

9

§ 2454(d)(1). We therefore affirm the grant of Duharte's habeas petition in Case No. 09-13783, REVERSE the denial of her petitions in Cases No. 09-11322 and 09-11539, and REMAND for proceedings consistent with this opinion.

**Case No. 09-13783 AFFIRMED; Case Nos. 09-11322 and 09-11539 REVERSED and REMANDED.**