# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 7, 2012

Lyle W. Cayce
Clerk

No. 10-20344

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

NORBERTO ADOLIO ROBLES,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CR-00374-1

Before KING, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

We remanded Norberto Robles's ("Robles") case for a determination of whether Robles had full counsel or standby counsel for his sentencing. The district court found that Robles had standby counsel, but determined that there had been no violation of Robles's Sixth Amendment right to counsel. We turn now to Robles's appeal of his sentence. We VACATE Robles's sentence and REMAND for resentencing.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-20344

## I. FACTUAL AND PROCEDURAL BACKGROUND

Robles pleaded guilty to conspiracy to possess with intent to distribute cocaine on December 19, 2009. He was sentenced to 120 months' imprisonment on May 10, 2010, and proceeded to appeal his sentence on Sixth Amendment right-to-counsel grounds. *See United States v. Robles*, 445 F. App'x 771, 776 (5th Cir. 2011). Robles argued that he had been denied counsel at an April 6, 2010 presentencing conference where his retained counsel withdrew, during the period leading up to his May 10 sentencing, and at the May 10 sentencing itself. We rejected Robles's claims for both the conference and the intervening period between the conference and sentencing. *See id.* at 777–81.   His sentencing, however, posed a more challenging problem.

Robles appeared at his sentencing without counsel, despite his repeated requests to the district court in the weeks preceding the sentencing that counsel be appointed. The judge's solution was to call out to Phillip Gallagher, a federal public defender who happened to be in the courtroom, to inform him that he had "just been drafted," and to ask him "to just stand by perhaps to answer questions." *Id.* at 775. The judge gave Gallagher a very brief overview of the case. Uncertain of the facts of the case, the contents of the presentence report ("PSR"), or even what sentence the Government was requesting, Gallagher asked for and received a twenty-minute continuance "to see whether [Robles] ha[d] any questions." *Id.* at 776. Gallagher was given a copy of the PSR to review and proceeded to meet with Robles to discuss his sentencing. Robles and Gallagher returned from their twenty-minute meeting, and the judge asked Robles, "Mr. Robles, do you want to go ahead with the sentencing today?" *Id.* Robles responded, "I don't know what to do, sir. I leave it in the hands of the attorney who is representing me today," referring to Gallagher. *Id.* The judge then sentenced Robles to the statutory minimum sentence of 120 months' imprisonment.

2

No. 10-20344

Based on these facts, we were unable to determine if Gallagher had been appointed full counsel for Robles, thereby fulfilling the Sixth Amendment right to counsel, or merely standby counsel, which is insufficient for constitutional purposes. *Id.* at 781–83. We therefore remanded the case to the district court to take testimony from Gallagher and other relevant evidence to determine whether "Robles had counsel at the May 10 sentencing hearing." *Id.* at 783. We made clear that "the inquiry as to whether Robles had counsel [wa]s not an inquiry as to whether Robles was prejudiced[,] . . . . [as] the [relevant] issue [wa]s exclusively a [*United States v. Cronic*, 466 U.S. 648 (1984),] issue." *Id.* at 783 n.13. We noted that under *Cronic*, the complete denial of counsel at any critical stage requires no demonstration of prejudice. *See Cronic*, 466 U.S. at 658–61.

On remand, the evidentiary hearing was held on November 17, 2011. Gallagher testified that during the twenty-minute continuance, he and Robles talked through a translator inside the courtroom. In order to preserve confidentiality, Gallagher was only able to discuss with generality the topics he covered with Robles, but Gallagher made clear that he and Robles discussed "the range of sentencing available in the PSR and what the likely outcome of the sentencing might be," as well as various other legal issues and concerns that Robles had. Gallagher recalled that "[i]f [he] could provide an answer [to a legal question for Robles], [he] gave it, to the best of [his] ability." But he also noted that he normally begins discussing sentencing outcomes with clients "long before a sentencing hearing." Moreover, in contrast to his regular practice, Gallagher had not seen the indictment in this case, had only skimmed the PSR, and had not seen the Government's objections or responses to the PSR. When asked directly whether he thought he was acting as full or standby counsel for Robles, Gallagher replied that he thought he was acting as standby counsel.

3

No. 10-20344

The district court judge also gave his thoughts on Robles's situation. He observed that "[t]his case [wa]s not about [the] right to counsel. At this point, the only claim can be the adequacy of the representation he did have." Along these lines, the judge found that "the essential function of having a lawyer was performed by Mr. Gallagher, whether you call it stand-by or real." At the close of the hearing, the judge "conclude[d] that Mr. Gallagher was stand-by counsel [and] that his representation, whether stand-by or otherwise, was fully adequate under the circumstances."

Findings of fact and conclusions of law were entered on December 6, 2011. The judge found that "[a]t the May 10, 2010, sentencing hearing, the court appointed Phillip Gallagher as standby counsel." The judge also found that "Gallagher fairly represented [Robles] at sentencing. The distinction between regular and standby counsel is meaningless at the sentencing in this case. Robles had full counsel when he pleaded guilty. As standby counsel, Gallagher performed every function that a fully retained counsel could have done at sentencing."

Robles now appeals his sentence arguing that the district court's findings indicate that he was denied his Sixth Amendment right to counsel at his May 10, 2010 sentencing.

## II. DISCUSSION

In our earlier opinion in this case, we explained that "[i]t is well settled that [the Sixth] amendment means that a defendant is entitled to be represented by counsel at all critical stages of a criminal proceeding against him; critical stages of a criminal proceeding are those stages of the proceeding at which the substantial rights of a defendant may be affected." *United States v. Taylor*, 933 F.2d 307, 312 (5th Cir. 1991). Sentencing is one such critical stage. *See Mempa v. Rhay*, 389 U.S. 128, 134 (1967). We have no need to review the well-established legal principles we covered in our previous opinion because our

4

present inquiry is straightforward: "Given that [Robles] had a fundamental right to be represented by counsel at his sentencing, the question before the Court becomes whether the presence of standby counsel satisfies the requirements of the Sixth Amendment." *Taylor*, 933 F.2d at 312.

The unequivocal answer to this question is "no." As we have explained, time and again, "we think it clear that the assistance of standby counsel, no matter how useful to the court or the defendant, cannot qualify as the assistance of counsel required by the Sixth Amendment." *Id.*; *see United States v. Virgil*, 444 F.3d 447, 453 (5th Cir. 2006) ("The presence of a 'standby counsel' is not enough to fulfill the Sixth Amendment requirement when a defendant requests counsel."); *see also United States v. Davis*, 269 F.3d 514, 520 (5th Cir. 2001); *Childress v. Johnson*, 103 F.3d 1221, 1230–31 (5th Cir. 1997).[1] We made explicit in *Taylor* that:

> The very definition of full-fledged counsel includes the proposition that the counselor, and not the accused, bears the responsibility for the defense; by contrast, the key limitation on standby counsel is that such counsel *not be responsible*—and not be perceived to be responsible—for the accused's defense. Indeed, in many respects, standby counsel is not counsel at all, at least not as that term is used in the Sixth Amendment.

933 F.2d at 312 (emphasis in original).

Our unambiguous precedent renders the district court's order incorrect. If Gallagher was only acting as standby counsel, then Gallagher's performance at sentencing and what he might or might not have accomplished are irrelevant for Sixth Amendment purposes. Contrary to the district court's proposition, this case is *only* about the right to counsel and whether Gallagher's appointment satisfied that constitutional entitlement. As we explained in our remand order, there was no need to inquire into prejudice or the performance of the various

---

[1] We recognize, of course, that the right to counsel is satisfied where a defendant chooses to represent himself.

attorneys—the sole issue on remand was whether Gallagher was acting as full or standby counsel. *Robles*, 445 F. App'x at 783 n.13. The district court answered this question, but disregarded our precedents and rendered an incorrect legal conclusion.

In spite of the district court's finding, the Government tries to persuade us that Robles was not actually denied his Sixth Amendment right to counsel. First, it suggests that while the trial judge found and Gallagher himself stated that he was standby counsel, we should look beyond this label to the actual actions taken by Gallagher and whether he acted, in effect, as full counsel. We are unwilling to do so. Even reviewing the facts de novo, we see nothing amiss with the district court's finding that Gallagher was standby counsel, especially in light of Gallagher's own testimony that this was the role he believed he was playing. Second, the Government suggests that because Gallagher was present at the sentencing hearing, Robles was not completely denied counsel within the meaning of *Cronic*. *Taylor* and its progeny foreclose this argument by unequivocally holding "that standby counsel is not 'counsel' within the meaning of the Sixth Amendment." *Taylor*, 933 F.2d at 313 (footnote omitted).

## III. CONCLUSION

The findings of the district court make clear that Gallagher was only appointed standby counsel and therefore Robles was denied his Sixth Amendment right to counsel at his sentencing. We therefore VACATE Robles's sentence and REMAND the case for resentencing consistent with the requirements of the Sixth Amendment.