Paul C. Wilson, Judge,
concurring.
The Commission on Retirement, Removal and Discipline (the “Commission”) determined that Respondent committed multiple acts of “misconduct” as that term is used in article V, section 24, of the Missouri Constitution and recommends to this Court that Respondent be suspended from office without pay for a period of six months. The Court accepts this recommendation, and I concur.
•I write separately to address the erroneous interpretation of section 600.042.3 and .4, RSMo Supp. 2013,[1] included in the Commission’s recommendation, and to emphasize that—even though Respondent was (at least in part) correct in her reading of that statute—this in no way excuses or mitigates the seriousness of her misconduct.
As described more fully in the Court’s opinion, much of Respondent’s misconduct occurred in the course of a dispute between Respondent and various representatives of the Missouri State Public Defender’s office. This dispute concerned the prerequisites that must be met before a public defender may enter an appearance on behalf of an indigent defendant charged with a probation violation. Respondent contended that no public defender could enter such an appearance unless and until appointed by the court. In finding Respondent guilty of the charged misconduct and recommending that she be suspended from office, the Commission states:
The commission finds that Respondent’s interpretation of Chapter 600 was erroneous. While 600.042.4(3) requires a public defender to represent a person charged with a probation violation after court order, that statute does not pro- *287 Mbit the public defender from entering in probation violation cases at its own discretion. That Public Defender is. given the discretion to represent eligible persons is made clear by Section 600.042.3, RSMo which explicitly grants the Public Defender the discretion to represent any eligible person.
Commission Recommendation, at p.9.
This conclusion contradicts the plain language of the statute. Section 600.042 provides, in relevant part:
3. The director and defenders shall, within guidelines as established by the commission and as set forth in subsection 4 of this section, accept requests for legal services from eligible persons entitled to counsel under this chapter or otherwise so entitled under the constitution or laws of the United States or of the state of Missouri and provide such persons with legal services when, in the discretion of the director or the defenders, such provision of legal services is appropriate.
4. The director and defenders shall provide legal services to an eligible person:
(1) Who is detained or charged with a felony, including appeals from a conviction in such a case;
(2) Who is detained or charged with a misdemeanor which will probably result in confinement in the county jail upon conviction, including appeals from a conviction in such a case, unless the prosecuting or circuit attorney has waived a jail sentence;
(3) Who is charged with a violation of probation when it has been determined by a judge that the appointment of counsel is necessary to protect the person’s due process rights under section 559.036;
(4) Who has been taken into custody pursuant to section 632.489, including appeals from a determination that the person is a sexually violent predator and petitions for release, notwithstanding any provisions of law to the contrary;
(5) For whom the federal constitution or the state constitution • requires, the appointment of counsel; and
(6) Who is charged in a case in which he or she faces a loss or deprivation of liberty, and in which the federal or the state constitution or any law of this state requires the appointment of counsel; however, the director and the defenders shall not be required to provide legal services to persons charged with violations of county or municipal ordinances, or misdemeanor offenses except as provided in this section.
§ 600.042.3 and .4.
Section 600.042.4 provides that the Public Defender[2] “shall provide” representation to an'“eligible person”[3] in certain specified circumstances. Nothing in this statute, or elsewhere in chapter 600, suggests that a court-ordered “appointment” is needed to trigger this obligation. Nor do any of this Court’s rules create such a prerequisite to the Public Defender entering an appearance and providing the services mandated by section 600.042.4.[4]
*288 In five of the six categories of defendants described in section 600.042.4, the only prerequisite to the Public Defender’s statutory obligation to provide representation is that the Public Defender be satisfied: (a) that the defendant is an “eligible person” and (b) that the defendant is in one of the six circumstances described in section 600.042.4. Court action is a prerequisite for the Public Defender’s duty to provide representation only for the third category of defendants.
For defendants in circumstances described in section 600.042.4(3), i.e., those “charged with a violation of probation,” the Public Defender has no obligation to provide representation under section 600.042.4 unless and until “it has been determined by a judge that the appointment of counsel is necessary to protect the person’s due process rights under section 559.036[,]” which provides:
Probation shall not be revoked without giving the probationer notice and an opportunity to be heard on the issues of whether such probationer violated a condition of probation and, if a condition was violated, whether revocation is warranted under all the circumstances. Not less than five business days prior to the date set for a hearing on the violation, except for a good cause shown, the judge shall inform the probationer that he or she may have the right to request the appointment of counsel if the probationer is unable to retain counsel. If the probationer requests counsel, the judge shall determine whether counsel is necessary to protect the probationer’s due process rights. If the judge determines that counsel is not necessary, the judge shall state the grounds for the decision in the record.
§ 559.036.6 (emphasis added).
Under sections 600.042.4(3) and 559.036.6, therefore, the Public Defender is obligated to provide representation to an indigent defendant charged with a probation violation[5] only if: (a) the defendant *289 requests counsel; (b) the defendant is “eligible;” and (c) the court determines that counsel is necessary to protect the defendant’s due process rights. Again, when these three prerequisites are met, a court-ordered “appointment” is not required before the Public Defender can (indeed, must) fulfill this statutory mandate.[6]
The Commission’s reading of section 600.042.4(3) acknowledges that a trial court’s due process determination is a prerequisite to the Public Defender representing a defendant charged with a probation violation. But the Commission further opines that section 600.042.3 provides the Public Defender with discretionary authority to represent an “eligible” defendant in such circumstance even it the court has not made a finding that such representation is required to protect the defendant’s due process rights. This is incorrect.
Section 600.042.3 provides that the Public Defender “shall” accept requests for legal services from “eligible” persons and “provide such persons with legal services when, in the discretion of the director or the defenders, such provision of legal services is appropriate.” But the Public Defender’s discretionary authority under section 600.042.3 does not extend to all “eligible” persons, as the Commission suggests. Instead, it extends only to “eligible” persons who are “entitled to counsel under this chapter or otherwise so entitled under the constitution or laws of the United States or of the state of Missouri.” If a defendant’s sentence has been imposed but its execution stayed pending a term of probation, the defendant’s statr utory right to counsel under section 600.042.4(3) and 556.036.6 when charged with a probation violation (and. any state or federal constitutional right to counsel under those circumstances) is triggered only when the court makes a finding that—under the defendant’s particular circumstances—counsel is necessary to protect the defendant’s due. process rights. Accordingly, at least insofar as such defendants are concerned, the Public Defender’s discretionary authority to provide representation under section 600.042.3 extends no further than the Public Defender’s mandatory duty to do so under section 600.042.4(3).
As the foregoing plain reading of section 600.042.3 and .4 demonstrates, Respondent was incorrect in her position that the Public Defender had no authority to appear for certain defendants facing probation violation charges without being appointed by the court to do so, but was correct in her position that the Public Defender had no authority to appear for such defendants unless and until the court makes a finding that counsel was necessary under the circumstances to protect an individual defendant’s due process rights. I write separately to ensure that, in' failing to address the misreading of section 600.042 in the Com *290 mission’s recommendation, the Court is not mistaken as having ratified it.
More importantly, I write to'emphasize the fact that Respondent was correct (in part) in her reading of this statute does nothing to excuse or mitigate the seriousness of her misconduct. Judges are neutral arbiters of the disputes that come before them. Here, time after time, Respondent let her view of the Public Defender’s authority—which authority was invoked by the defendant and never questioned by the state—-outweigh her judicial obligation to maintain both the fact and the appearance of objectivity and impartiality in adjudicating the cases before her. And Respondent’s misconduct did not stop there.
In the course'of her dispute with the Public Defender, Respondent purposely and repeatedly sacrificed the rights of some defendants in- probation violation cases to the statutory interpretation point she felt compelled to make to- the Public Defender generally. Time and again, defendants who would have been entitled to representation by the Public Defender were denied that representation for some period because Respondent refused to make a timely determination of whether, under the circumstances, counsel was necessary to protect each defendant’s due process rights.
It is difficult to imagine a reasonable justification for not taking up and deciding this question during a defendant’s first appearance before the court, particularly if the defendant is incarcerated. Of course, an isolated failure to do so would not raise a question of judicial misconduct for the Commission and this Court, but would simply be á matter for ordinary review—and, if error, correction—by a higher court. Respondent’s conduct, however, was no isolated incident. Instead, Respondent repeatedly refused to make findings as to defendants’ due process rights expressly for the purpose of depriving those defendants both of the timely representation to which they otherwise would have been entitled and the right to a change of judge under Rule 51.05 that she believed such counsel might properly assert on their behalf. This constitutes a serious pattern of misconduct under article V, section 24, and fully merits the suspension recommended by the Commission.
Accordingly, I concur in the Court’s decision to accept the Commission’s recommendation because'Respondent purposely subverted the rights of certain defendants to her feud with the Public Defender, a battle that was not hers to fight and that readily was susceptible to a more constructive and less harmful resolution. The fact that Respondent had the better of the statutory construction issue underlying that feud does not excuse Respondent’s misconduct or serve to mitigate the discipline that misconduct merits.

. Section 600.042.5 was amended in 2016. See Senate Bill 735 (2016). This amendment does not affect the meaning of subsections .3 and .4 at issue here. Unless otherwise stated, all statutory references are to RSMo Supp. 2013.

. For purposes of this opinion, the director and all others providing legal services under the director’s authority or direction are referred to as "the Public Defender.”

. An "eligible person” is one "who falls within the financial rules for legal representation at public expense prescribed by section 600.086.” § 600.011(10). •

.To be sure, there are many rules that require a trial court "to appoint” (or state that it "shall appoint”) counsel under various circumstances. See, e.g„ Rule 31.02(a) (for defendants in all felony or misdemeanor prosecu *288 tions in which “conviction would probably result in confinement''); Rule 31.02(c) (for defendants on appeal where convicted and sentenced to confinement); Rule 37.50 (for defendants in all ordinance violations where "conviction would probably result in confinement”); Rule 115.02 (for juveniles in certain juvenile division proceedings); Rule 115.03 (for parents or guardians in certain juvenile division proceedings). These rules, however, concern an individual’s rights (usually based in the state or federal constitution) and the trial courts' responsibility to protect those rights. They do not purport to enlarge or restrict the Public Defender’s statutory obligations under section 600.042.4.

. It appears that sections 600.042.4(3) and 559,036.6 pertain to defendants facing charges of probation violations where their Sixth Amendment right to counsel in the underlying criminal prosecution is exhausted, i.e., where imposition of sentence was not previously suspended. A defendant placed on probation after imposition of sentence was suspended has not been convicted and the underlying criminal prosecution may resume. In such cases, a probation violation hearing that could result in the revocation of probation and imposition of sentence is a "critical phase” of the underlying criminal prosecution and, therefore, the defendant's Sixth Amendment right to counsel applies. See Mempa v. Rhay, 389 U.S. 128, 130, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967) (concluding defendant had a right to counsel at probation revocation hearing and, in the event probation is revoked, at sentencing where imposition of sentencing originally was suspended subject to probation); see also State ex rel. Mo. Public Defender Comm'n v. Pratte, 298 S.W.3d 870, 884-85 (Mo. banc 2009) (holding that public defender may not elect not to represent otherwise eligible defendants in "new probation revocation cases in which a suspended execution of sentence previously had been imposed”). Accordingly, such cases properly fall within other categories described in section 600.042.4, not section 600.042.4(3) and its unique prerequisite of court action before the Public Defender’s statutory obligation to provide representation is triggered.

. To be clear, there is nothing wrong with the common (though far-from-uniform) practice of having the trial court enter an order "appointing” the Public Defender in any circumstance described in section 600.042.4. Such orders can facilitate communication and cooperation between the state, the Public Defender, and the courts and help ensure effective representation of indigent defendants. See Pratte, 298 S.W.3d at 887-88 ("[T]he Court expects that presiding judges, prosecutors and the public defender will work together cooperatively” when the public defender faces excessive caseloads and "find a way to assure that all defendants who are represented by the public defender’s office will be ensured effective representation and that other indigent defendants will be represented effectively as well."). However, such orders cannot and do not enlarge the Public Defender’s statutory obligation to provide representation beyond the circumstances set forth ■ in section 600.042.4, or make mandatory the Public Defender's discretionary authority to provide representation in the circumstances set forth in section 600.042.3.