2020 IL App (3d) 170307

Opinion filed September 3, 2020

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 14th Judicial Circuit, Whiteside County, Illinois. |
| Plaintiff-Appellee, | ) ) | |
| | ) | Appeal No. 3-17-0307 |
| v. | ) | Circuit No. 14-CF-53 |
| | ) | |
| JORDAN T. WOOSLEY, | ) ) | The Honorable Stanley B. Steines, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE McDADE delivered the judgment of the court, with opinion.
Justices O'Brien and Wright concurred in the judgment and opinion.

**OPINION**

¶ 1        The defendant, Jordan T. Woosley, pled guilty to robbery (720 ILCS 5/18-1(a) (West

2012)) and was sentenced to 30 months of probation and 180 days in jail. After the circuit court

denied his motion to withdraw his guilty plea, Woosley appealed. On appeal, he argues that he

was denied his constitutional right to counsel when appointed counsel participated only by

telephone at the hearing at which the defendant was arraigned and was allowed to proceed

*pro se*. We reverse and remand.

¶ 2                                    I. BACKGROUND

¶ 3    On February 7, 2014, the State charged Woosley by information with home invasion (*id.* § 19-6(a)(3)) and armed robbery (*id.* § 18-2(a)(2)). Count I alleged that Woosley knowingly and without authority entered the dwelling place of Terry Schultz and threatened him with a firearm. Count II alleged that Woosley, while armed with a firearm, took a firearm and money from Schultz's person.

¶ 4    Woosley initially had the public defender appointed but then retained private counsel, who was later allowed to withdraw. Another public defender was appointed.

¶ 5    An amended information was filed on January 6, 2015, which added two counts of robbery (*id.* § 18-1(a)). One of these counts alleged that Schultz was 60 years of age or older. In addition, an accountability theory was added to count I.

¶ 6    The State filed a motion for fitness evaluation on January 26, 2015, claiming that it had a *bona fide* doubt of Woosley's fitness to stand trial based on phone calls Woosley had made while in custody in which he stated, *inter alia*, that he was intending to kill himself and take several people with him and that he was not taking his psychotropic medication regularly. The circuit court denied that motion after a hearing, finding that the issues raised by the State did not indicate that Woosley was unable to understand the nature and purpose of the proceedings against him.

¶ 7    In March 2015, defense counsel asked for a continuance of Woosley's trial. Woosley complained about defense counsel's representation of him, alleging that she did not want to work with him because she refused to file charges "against the State" and against a detective. Woosley also alleged that defense counsel's request for a continuance was made in the State's best interest, not his. The court granted the motion.

2

¶ 8        On July 10, 2015, the circuit court held a hearing on a motion to continue filed by the State. Woosley was present in the courtroom. Defense counsel was present via telephone.[1] Initially, the court took care to ensure the record would reflect that while the case had been set for a jury trial to be held on July 14, 2015, the prosecutor "had come into my chambers *** a half an hour ago or more and wanted to know if I could consider a motion to continue this afternoon and that [defense counsel] could make herself available by phone conference." Defense counsel then informed the court that she had received that morning an e-mail that Woosley wished to represent himself. Woosley clarified that he wanted to proceed *pro se* but that he wanted defense counsel reappointed as standby counsel only for the time he was on the stand because he could not question himself. The court stated that it was reluctant to take up any more of defense counsel's time other than what was necessary for the State's motion to continue. However, defense counsel stated that she had the time. Ultimately, the court denied Woosley's request for appointment of standby counsel, in part explaining that it was not necessary to have someone question him while he was on the stand.

¶ 9        Next, a lengthy discussion was had regarding Woosley's desire to proceed *pro se*. During the discussion and before the court proceeded with admonishing Woosley, the prosecutor informed the court that he wished to file a second amended information, which had two changes: (1) accountability theories were added to counts II to IV and (2) in count II (armed robbery), "from the person of Terry Schultz" was changed to "from the person or presence of Terry Schultz[.]" The prosecutor stated that he had the amended information drafted and ready for

_____

[1] Two days earlier, during a hearing on a motion to reconsider the denial of a motion to dismiss, defense counsel had informed the court that she would not be available on July 10, 2015.

filing. When the prosecutor left the courtroom to get the draft of the amended information, the following exchange occurred:

"THE COURT: Mr. Woosley, you can say anything you'd like to, but you're still on the record. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: I'm just going to ask you to stand quietly until everybody is here.

THE DEFENDANT: Not a problem."

Woosley said that the amended information did not change his desire to proceed *pro se*. The court then read the charges and potential penalties to Woosley, who said he understood.

¶ 10 Next, the court admonished Woosley on the consequences of self-representation. Woosley said he understood and still wished to proceed *pro se*. Woosley executed a written waiver of attorney, and defense counsel was discharged.

¶ 11 Eventually, Woosley entered an *Alford* plea[2] to one count of robbery and was sentenced to 30 months of probation and 180 days in jail. New counsel for Woosley filed a motion to withdraw the plea, which ultimately was denied. Woosley appealed.

¶ 12 II. ANALYSIS

¶ 13 On appeal, Woosley argues that he was denied his constitutional right to counsel when appointed counsel participated only by telephone at the hearing at which the defendant was arraigned and allowed to proceed *pro se*. Specifically, he contends that

---

[2] An *Alford* plea is a guilty plea in which a defendant maintains his innocence. See *North Carolina v. Alford*, 400 U.S. 25, 37-38 (1970).

4

"[b]ecause Defendant's counsel participated by telephone during the hearing on Defendant's motion to represent himself, counsel was unable to confidentially confer with Defendant, advise him of his rights, answer any questions he may have, personally advise Defendant of the ramifications of the State filing an amended information, or, most importantly, ascertain whether Defendant was legally fit to represent himself."

¶ 14    Initially, we note that Woosley admits that he has not preserved this issue for appellate review. However, he requests that we review the issue under the plain-error doctrine.

"[T]he plain-error doctrine allows a reviewing court to consider unpreserved error when (1) a clear or obvious error occurred and the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant, regardless of the seriousness of the error, or (2) a clear or obvious error occurred and that error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence." *People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007).

The first step in the analysis is to determine whether error occurred. *Id.*

¶ 15    The sixth amendment guarantees an accused a right to assistance of counsel in a criminal proceeding. U.S. Const., amend. VI. "A defendant is entitled to the representation of counsel at all critical stages of a criminal prosecution, and this important right will not be taken away unless affirmatively waived by a defendant." *People v. Burton*, 184 Ill. 2d 1, 22 (1998). An important consideration in whether a particular stage is critical is whether "certain legal rights may be lost

if not exercised at this stage." *Mempa v. Rhay*, 389 U.S. 128, 134-35 (1967) (holding, additionally, that counsel "is required at every stage of a criminal proceeding where substantial rights of a criminal accused may be affected"). We review the issue of whether a defendant was denied his or her right to counsel *de novo*. *People v. Abernathy*, 399 Ill. App. 3d 420, 426 (2010).

¶ 16        In this case, the context in which the alleged deprivation of counsel took place was as unique as it was significant. The prosecutor *knew* that defense counsel could not be in court on July 10, 2015. Nevertheless, he requested a hearing on the State's motion to continue the trial after confirming that defense counsel could appear by telephone. At that point, Woosley would have a difficult time arguing that the case was at a critical juncture. However, subsequent events elevated the importance of the hearing. At the outset of the hearing, defense counsel informed the court that Woosley had requested, that morning, to proceed *pro se*. During the discussion of that matter, just before the court was going to give Woosley the appropriate admonishments, the prosecutor interrupted and said that he wanted to file an amended information.[3] Thus, Woosley also needed to be arraigned on the amended information, of which neither Woosley nor his counsel had advance notice. Accordingly, while the hearing began as a simple hearing on a motion to continue the trial, it quickly became a critical stage of a criminal prosecution. See *Missouri v. Frye*, 566 U.S. 134, 140 (2012) (holding that an arraignment is a critical stage in criminal proceedings).

¶ 17        Under these unique circumstances, we do not believe that presence of counsel by telephone—and on speaker for everyone in the courtroom to hear without being afforded any opportunity for confidential communication with her client—is the type of representation

---

[3] Further, because he stated that he had already drafted the amended information, it appears that the prosecutor either negligently or, even worse, intentionally deceived the circuit court by initially saying only that he intended to address a motion to continue the trial on June 10, 2015.

contemplated by the sixth amendment. The sixth amendment "embodies a realistic recognition of the obvious truth that the average defendant does not have the professional legal skill to protect himself when brought before a tribunal with power to take his life or liberty, wherein the prosecution is presented by experienced and learned counsel." *Johnson v. Zerbst*, 304 U.S. 458, 462-63 (1938). Despite the fact that Woosley told the circuit court that the prosecution's amended information did not change his desire to proceed *pro se*, we believe that properly protecting Woosley's sixth amendment right to counsel would have included, at the very least, permitting private consultation with defense counsel, especially because the amended charges were being filed at the same time that a motion to proceed *pro se* was being discussed. See, *e.g.*, *People v. Noble*, 42 Ill. 2d 425, 430-31 (1969). The rushed informality of the matters raised at the hearing enabled the prosecutor to successfully place his convenience above the constitutional safeguards for this defendant. We therefore hold that error in fact occurred when defense counsel was present by telephone in this case, as it had the effect of denying Woosley his right to counsel under the sixth amendment.

¶ 18    Because we have found error in fact occurred, we now turn to Woosley's contention that the error was reversible under the second prong of the plain-error doctrine, which allows a reviewing court to consider unpreserved error if "that error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence" (*Piatkowski*, 225 Ill. 2d at 565). Second-prong plain error is not limited to the structural errors that have been recognized by the United States Supreme Court (*People v. Clark*, 2016 IL 118845, ¶ 46), but the Supreme Court has in fact recognized the denial of counsel under the sixth amendment to be structural error (*United States v. Gonzalez-Lopez*, 548 U.S. 140, 148-49 (2006) (citing *Gideon v. Wainwright*, 372 U.S. 335, 343-44 (1963)). Under

7

the second prong, the court will presume the defendant was prejudiced due to the importance of the right involved, regardless of the strength of the evidence. *People v. Herron*, 215 Ill. 2d 167, 187 (2005). Accordingly, under the circumstances presented by this case, we hold that Woosley was denied his sixth amendment right to counsel at the July 10, 2015, hearing. We therefore reverse his conviction and sentence and remand for further proceedings.

¶ 19       Lastly, we emphasize that this hearing took place on July 10, 2015, long before prearranged remote hearings became more common due to the current pandemic. Our decision in this case must not be read as impacting any situation other than impromptu remote hearings without advance notice.

¶ 20                                    III. CONCLUSION

¶ 21       The judgment of the circuit court of Whiteside County is reversed, and the cause is remanded for further proceedings.

¶ 22       Reversed and remanded.

**No. 3-17-0307**

| | |
|---|---|
| **Cite as:** | *People v. Woosley*, 2020 IL App (3d) 170307 |
| **Decision Under Review:** | Appeal from the Circuit Court of Whiteside County, No. 14-CF-53; the Hon. Stanley B. Steines, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Peter A. Carusona, and James Wozniak, of State Appellate Defender's Office, of Ottawa, for appellant. |
| **Attorneys for Appellee:** | Terry A. Costello, State's Attorney, of Morrison (Patrick Delfino, Thomas D. Arado, and Stephanie L. Raymond, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |